**MID–AMERICA PIPELINE COMPANY,**
**Appellant,**

v.

**Robert L. HADWIGER et al., Appellees.**

**No. 8155.**

Court of Civil Appeals of Texas, Amarillo.

**Aug. 23, 1971.**

Lemon, Close, Atkinson & Shearer, Otis C. Shearer, Perryton, Marion Fallwell, Asst. Gen. Counsel, Tulsa, Okl., for appellant.

Allen, Allen & Gaines, Bruce E. Julian, Perryton, for appellees.

JOY, Justice.

This case involves a condemnation proceeding in which the landowner and sublessee were parties to one suit and a second suit involving the lessee of the land. The trial court dismissed both actions and the condemnor has here appealed.

Reversed and remanded.

■ Appellant brought its first condemnation action in Cause No. 897 in the County Court against Robert Hadwiger, the landowner, and G. H. Neufeld, the sublessee, for the purpose of securing a right-of-way upon which to lay a pipeline. William Hadwiger filed an action in the district court seeking a restraining order against appellant, contending failure to join necessary parties and enjoining the construction of the pipeline. Appellant then filed Cause No. 900 against William Hadwiger in the County Court and caused notice to be served upon William Hadwiger by delivering a copy to the attorney representing him in the injunction proceeding in the district court. William Hadwiger then filed a plea to the jurisdiction by special appearance under Rule 120a [1] contending improper service in that the attorney representing him in the district court proceeding was not retained to represent him in the county court action. Appellant filed a motion in the county court to consolidate Causes Nos. 897 and 900 which was refused by the trial court. At the same time the court granted William Hadwiger's plea to the jurisdiction and dismissed both Causes Nos. 897 and 900. Appellant requested a hearing for the purpose of introducing evidence to show that the attorney served with the condemnation notice in Cause No. 900 was in fact a proper party for service as provided in Article 3264(6) Vernon's Ann.Civ.St. upon William Hadwiger, the client in the injunction proceeding. We think that William Hadwiger was properly served with notice and was subject to the jurisdiction of the county court. A party who utilizes our courts admittedly through an attorney cannot at one and the same time contend that he is not amenable to process of service in another court, more especially when the identical property of the complaining party is involved in both causes. Rule 120a was not designed to permit a party to avoid jurisdiction of our courts to the detriment of the other party, and at the same time invoke jurisdiction for his own benefit.

■ Appellee points out that no effort was made to agree on the amount of damages by condemnor with William Hadwiger. Appellant contends that no direct negotiations for damages were had for the reason that William Hadwiger, an attorney, and son of the landowner, Robert Hadwiger (also an attorney), was present at all times in the office of the attorney for the condemnor when Robert Hadwiger was negotiating for damages to the land. The record reflects that neither of the Hadwigers disclosed to condemnor's attorney that William Hadwiger had an unrecorded lease upon the land. William Hadwiger acknowledged his presence at the conference with his father but his deposition testimony reflects a lack of understanding on his part as to the matters discussed that is not consonant with his professional training, age and experience. Although an attempt to agree on damages is normally required prior to the filing of an action by the condemnor against the owner of an interest to be condemned, the law does not require such when it is clear that the effort would be futile. Article 3264 V.A.C.S. See also Aronoff v. City of Dallas, 316 S.W.2d 302 (Tex.Civ.App.—Texarkana 1958, writ ref'd n. r. e.). We are of the opinion that the actions of all the parties in this instance reflect that such an attempt to agree would have been futile.

1. All references are to Rules of Civil Procedure.

Appellant further complains of the refusal of the trial court to consolidate the two causes. Ordinarily the matter of consolidating two or more causes on the docket is within the discretion of the trial court, consolidation being used to bring about more efficient utilization of the court's time as well as conserve the time and expense of the litigants. Rule 174.

The trial court having refused consolidation of the two causes for the reason of lack of joinder of necessary parties, a question not before us here, we now order the cases Nos. 897 and 900 reinstated on the docket and consolidated for purposes of trial.

Reversed and remanded with instructions.