Hunter L. CARRUTH, Appellant,

v.

SHELTER AIR SYSTEMS, INC., Appellee.

No. 16608.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1975.

Meyer Jacobson, Houston, for appellant Hunter L. Carruth.

Turner & White, Joe E. Turner, Houston, for appellant Connie R. Carruth.

No brief filed for appellee.

PEDEN, Justice.

Hunter L. Carruth has invoked the appellate jurisdiction of this court by petition for writ of error to review a judgment *nihil dicit* granted in favor of the appellee, Shelter Air Systems, Inc. Connie R. Carruth, a co-defendant in the trial court, did not join in the petition for writ of error, but was named in it as an adversely interested party and has filed a brief asking for the same relief as the appellant.

This suit was filed in 1972 against Carruth Refrigeration and Carruth Refrigeration Co., Inc., a/k/a Carruth Refrigeration Company on a sworn account and against Hunter Carruth and Connie Carruth to enforce their independent guaranty agreement to pay all debts of Carruth Refrigeration.

In February, 1975, when this cause was reached for trial, an order was entered granting plaintiff's motion to sever its claims against the companies from those against Hunter Carruth and Connie Carruth. The case against these two persons then proceeded to trial, and judgment was entered for the plaintiff reciting that the cause had been called in its regular order and that although the defendants had been duly served with process and had received notice of the hearing, they failed to appear. Judgment was entered against these two persons, jointly and severally, in the amount of $11,923.13 plus $4,000.00 in attorney's fees.

■ Hunter Carruth argues under his first point of error that the trial court lacked jurisdiction over him after the corporate defendant was severed from the suit and that the severance created a new and independent suit. We overrule this point. The trial judge severed the cause of action against two groups of defendants and had docketed them as two separate suits; the plaintiff's petition was a sufficient pleading in each of them. Hunter Carruth and Connie Carruth had filed answers, so they were before the court, and since no new cause of action had been alleged, it was unnecessary to again obtain service of process on them.

Another of Hunter Carruth's points of error is that the trial court erred in granting the severance. He says the issues are so closely interwoven that the entire case should have been tried at one time.

■ We do not agree. Two bases of recovery were pleaded: one against the corporate defendant on an open account and

the other on an independent guaranty agreement under which Hunter Carruth and Connie Carruth undertook, as primary obligors, to pay any debt of Carruth Refrigeration and agreed that Shelter Air Systems was not required to first try to collect from the company or to join the company in any suit against the guarantors.

Rule 41, Texas Rules of Civil Procedure, gives the trial court broad discretion in severance matters. The issues under the two bases of recovery are not so interwoven as to show an abuse of discretion in severing them, particularly when it is apparent that judgment nihil dicit may be entered in one of the severed causes. Further, in the absence of a statement of facts we presume that the evidence supports the trial judge's ruling and we cannot say that he abused his discretion.

■ Appellants says that a jury fee was paid by an attorney for the defendants and alleges that the trial court committed reversible error by reciting in the judgment that a jury was expressly waived by defendants. It appears that the appellant did not expressly waive a jury, but it is undisputed that he failed to appear at the trial. Since January 1, 1971, Rule 220, Texas R.C.P., has provided: ". . . Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury." The error in characterizing the waiver as express was harmless. Rule 434, Tex.R.C.P.

We sustain the appellant's fourth point of error. In it he says the trial court erred in granting attorney's fees to the appellee because the guaranty agreement does not provide for them. As we have noted, the liability of the appellant is based on the guaranty agreement, not on the sworn account for materials. Art. 2226, V.T.C.S., does not provide for payment of attorney's fees by guarantors under the facts of this case, and as we recently pointed out in *Janak v. Security Lumber Co., Inc.*, 513 S.W.2d 300 (1974, no writ):

"It is well settled that signers of guaranty agreements are not liable for attorney's fees incurred in suits to enforce such guaranty agreements in the absence of an express provision for such liability. *Blume v. National Homes Corp.*, 441 S.W.2d 176 (Tex.1969); *Miller v. Bush*, 42 S.W.2d 156 (Tex.Civ.App.1931, writ ref.)."

■ There being no provision for attorney's fees in the guaranty contract in the instant case, the judgment will be reformed to exclude the $4,000.00 granted for attorney's fees.

We make the same rulings with respect to the points of error stated in the brief filed by Connie L. Carruth. They do not differ materially from those filed by Hunter Carruth, and she is a proper party in this appeal by writ of error. Although she neither joined in Hunter Carruth's petition for writ of error nor filed one of her own, his petition named her as an adversely interested party. The judgment provided that the appellee should recover its attorney's fee from Hunter Carruth and Connie Carruth jointly and severally. She was properly named as a defendant in error when the trial court's judgment was removed to the court. *Spur Independent School Dist. v. Holt*, 74 S.W.2d 420 (Tex.Civ.App.1934, no writ).

We sustain her point of error complaining of the award of an attorney's fee.

The judgment of the trial court is reformed to exclude the granting of the attorney's fee of $4,000. As thus reformed, the judgment is affirmed.