Dorothy Virginia CHANDLER, Appellant,

v.

Dennis Ross CHANDLER, Appellee.

No. 1062.

Court of Civil Appeals of Texas,
Corpus Christi.

April 15, 1976.

Rehearing Denied May 13, 1976.

John L. Bates, Waco, for appellant.

Robert D. Nogueira, Beeville, for appellee.

OPINION

NYE, Chief Justice.

This is a divorce case filed by the husband against his wife. The trial court rendered judgment on May 19, 1975, granting the divorce and dividing and distributing the parties' properties. There were no children. The wife appeals raising two points which actually complain: 1) that the trial court abused its discretion in refusing to grant the wife's second motion for continuance and 2) that the trial court erred in dismissing the jury panel and trying the case without the aid of a jury.

The appellant wife argues in effect that her second motion for continuance should have been granted because her attorney (from Waco) had prior settings of cases which should have entitled him to a continuance as a matter of law. The chronological order of events up to the time of trial is important.

The transcript reflects that the original petition for divorce was filed September 24, 1974. On November 13, the wife's attorney made his request for a jury trial and requested notice of trial settings in accordance with Rule 246, T.R.C.P. A few days later on November 20, the wife's attorney paid the jury fee.

On November 20, the wife's attorney requested that the court order counseling and requested a hearing on the merits of this motion for the purposes of enforcing her request for counseling. In a hand written note on the bottom of the letter of transmittal, the wife's attorney requested that the case not be set for the week of December 5 and 6 because of prior commitments.

On the 25th day of November, the trial court issued its order setting the case on December 3, at 10:00 a. m. to show cause why counseling should not be ordered and in its letter of transmittal, the court set the case for trial on December 13, 1974, at 9:30 a. m. The wife's attorney responded by sending a telegram on December 4 asking for a continuance of the trial because of a prior court setting. The telegram was followed by formal first motion for continuance. The motion was granted. Thereafter, the wife filed her first amended answer.

On December 13, 1974, the trial court ordered a pre-trial conference on December 20, at 1:30 p. m. In answer to this setting, the wife's attorney wrote the judge stating that he had a criminal matter set at 10:00 a. m. on that date and suggested that the husband's attorney and he would agree upon a setting within a reasonable time in the future. The trial court in a hand written note on the bottom of the attorney's letter stated that the case was reset for 9:30 a. m. on December 30, 1974. On that date, the transcript shows that the court ordered counseling and directed that the report from the counselor be returned on the 27th day of January, 1975. The report of the Social Psychotherapist was subsequently filed on February 4, 1975. It stated that he was of the opinion that "there exists no reasonable expectation of reconciliation of the parties".

On May 6, 1975, the case was again set for trial on May 15, 1975, at 9:30 a. m. on the non-jury docket. The clerk of the court called the attorney's office and notified the secretary of that setting. This oral notice to the wife's attorney was followed by a formal letter from the district clerk dated May 9, 1975.

In a letter dated May 8, 1975, the wife's attorney wrote to the trial judge and said:

"I have received a notice from the Clerk of a setting on May 15, 1975. I have two cases scheduled for that day, one a contested child support case, and the other a juvenile case in which I was appointed.

I note also that the notice shows this to be non-jury. I have requested a jury and paid a jury fee, and I still request a jury.

Please pass this to another date. It would facilitate matters if the attorney for the petitioner would contact me as well as the Court for settings in this matter."

The trial judge wrote back to the attorney for the wife that "the case has been and remains set for trial at 9:30 a. m., Thursday, May 15, 1975. A jury panel will be on hand."

On May 13, the attorney for the appellant mailed a second application for continuance addressed to the district clerk and stated that "I would appreciate this motion being presented to the court prior to calling this case for trial." The second motion for continuance was presented to the court and overruled.

The judgment recites that the case was called for trial after ample notice to both the parties and their respective counsel of record and a jury having been summoned and qualified at the demand of the wife, the case was called for trial and that neither the wife or counsel appeared. The court recessed the jury until 9:30 p. m. and directed the clerk to contact both the attorney and the wife by telephone. The judgment recites that the attorney could not be located at either his office or the courthouse and that the wife having been notified, did not appear, and the jury having been waived by the attorney for the plaintiff, the court proceeded to try the case before the court.

█ In the wife's attorney's second motion for continuance, there was attached two letters concerning the two cases that were in conflict with the case at bar. In the first case where the wife's attorney had been appointed as attorney *ad litem*, the Honorable Bill Logue, Judge of the Juvenile Court, McLennan County, Texas, wrote to the wife's attorney on May 2, 1975 and said: ". . . If anything prevents you from accepting this case, please let us know several days in advance." In the other letter dated April 23, 1975, involving the

other case, the wife's attorney was advised by opposing counsel of the show cause hearing set for May 15 and that: ". . . if this date is not convenient, I have secured an alternate date of Wednesday, May 21, 1975, at 9:00 A.M."

Rule 253, T.R.C.P. states:

"Except as provided elsewhere in these rules, absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record."

It is clear to us from the record that the wife's attorney had ample notice of the setting of the case as the rules so provide. The basis for a continuance because of absence of the attorney is a matter within the sound discretion of the trial court. The trial court's ruling will not be disturbed on appeal unless there has been a showing of an abuse of discretion. We hold that the trial court did not abuse its discretion for refusing to grant a continuance herein. Rule 253, T.R.C.P.

■ Appellant's second point concerning the failure of the trial court to try the case before a jury is covered under Rule 220, T.R.C.P. This rule provides:

"When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested. If so permitted, the court in its discretion may by an order permit him to withdraw also his jury fee deposit. *Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury.* Amended by order of Aug. 18, 1947, effective Dec. 31, 1947; order of July 21, 1970, effective Jan. 1, 1971." (Emphasis supplied.)

When the absent party is the one who affirmatively asserts his right to a jury and has timely paid his jury fee, his absence shall be deemed as a waiver by him of the right to a trial by jury. 3 McDonald Texas Civil Practice, § 11.03.2, p. 107; *Carruth v. Shelter Air Systems, Inc.,* 531 S.W.2d 913 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

■ The appellant makes other complaints in his argument in his brief that are completely unrelated to his points of error. Since these other complaints are not presented by points of error, they will not be considered. Rule 418, T.R.C.P.; *Godde v. Wood,* 509 S.W.2d 435 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). See also *City of Deer Park v. State,* 154 Tex. 174, 275 S.W.2d 77 (1954).

We have carefully considered appellant's points of error and they are overruled. The judgment of the trial court is AFFIRMED.