T. R. WILLOUGHBY, Appellant,

v.

UPSHUR RURAL ELECTRIC COOPERATIVE CORPORATION, a corporation, Appellee.

No. 1071.

Court of Civil Appeals of Texas, Tyler.

Feb. 2, 1978.

Rehearing Denied March 3, 1978.

R. L. Whitehead, Jr., Whitehead & Beckworth, Longview, Mart J. L. Lapin, Kilgore, for appellant.

Hollie G. McClain, Gilmer, Woodrow M. Roark, Tyler, for appellee.

McKAY, Justice.

This is a condemnation suit. Appellee, Upshur Rural Electric Cooperative, brought suit to condemn a portion of appellant T. R. Willoughby's tract of land located in Smith County. The case was tried to a jury. However, the court granted appellee's motion for judgment non obstante veredicto, awarded appellee its requested easement, and awarded appellant $633.75 for the permanent easement and $2,641.50 for the damage to the remaining portion of his tract.

Appellee filed this condemnation proceeding on April 29, 1976, to obtain an easement for a power line on appellant's land located in Smith County. The hearing before the appointed commissioners had been held and the award filed on April 8, 1976. Mart Lapin and David Kirk, attorneys, represented appellant at this preliminary stage of the proceedings. Appellant also employed the same counsel to represent him at a temporary injunction hearing which was preliminary to the matter now before us. When the case was called for announcements and trial on October 25, 1976, appellant moved to continue the case on the grounds that his attorney, R. L. Whitehead, Jr., had a prior setting in a felony criminal case in Rusk County, Texas. The court overruled this motion. On October 26, 1976, appellant offered, in open court, a supplemental motion for continuance. Present at trial were attorneys Mart Lapin, David Kirk and R. L. Whitehead, Sr. The court overruled the supplemental motion and proceeded with the trial. Appellant was represented by the three previously mentioned attorneys. His attorney of record for this appeal is R. L. Whitehead, Jr.

The case was submitted to the jury which failed to find that appellee had made a prior bona fide attempt to agree with appellant upon the value of the land sought to be condemned before this suit was filed, that the damage to the easement was $633.75 and that the damage to the remainder of the tract was $2,641.50. The court granted appellee's motion that the answer to special issue one be disregarded and also granted its motion for judgment non obstante veredicto. At the same time, the court found that any further effort on the part of appellee condemnor to agree with the appellant condemnee would have been futile. Ample evidence exists in the record to support the court's finding. The court then entered judgment that appellee was granted its easement and that appellant was awarded damages as found by the jury.

We affirm the judgment of the trial court.

Appellant contends in his first point of error that the court erred in failing to dismiss the case because the jury found that no bona fide attempt to agree on the value of the land sought to be condemned had been made by appellee. We consider this point of error to be immaterial in light of the court's finding that any further effort to agree on the price would have been futile. Appellant does not complain of the court's finding.

 It is well settled law that in condemnation cases where an attempt to agree upon value of the condemned land would be futile that no attempt to agree need be made. Article 3264, V.A.T.S.; *Houston North Shore Ry. Co. v. Tyrrell,* 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508 (1936); *Mid-America Pipeline Company v. Hadwiger,* 471 S.W.2d 157, 159 (Tex.Civ.App.—Amarillo 1971, no writ); *Aronoff v. City of Dallas,* 316 S.W.2d 302, 306 (Tex.Civ.App.—Texarkana 1958, writ ref'd n. r. e.). As the court found that any further attempt to agree on a price would have been futile, no attempt to agree need be made. Therefore, the trial court's action in disregarding the jury's answer to special issue one, if error, was harmless error. Tex.R.Civ.P. 434. Accordingly, appellant's first point of error is overruled.

In his second point, appellant contends that the trial court abused its discretion in refusing to grant his motion for continuance because the attorney employed by him as trial counsel could not be present due to prior criminal settings. It is within the discretion of the court to grant a continuance due to the absence of counsel. Tex.R.Civ.P. 253; *Browne v. Jefferson County,* 507 S.W.2d 293 (Tex.Civ.App.—Beaumont 1974, writ ref'd n. r. e.). Appellant claims that R. L. Whitehead, Jr., was his attorney. However, David Kirk of the firm of Whitehead-Beckworth signed appellant's answer filed in the case. Of those attorneys available at the trial, both David Kirk and Mart Lapin had been associated with the proceedings from their inception. R. L. Whitehead, Sr., a very experienced trial attorney, was a senior partner in the

firm of Whitehead-Beckworth. In fact, even a superficial reading of the statement of facts shows Mr. Whitehead, Sr., was very familiar with the facts of the case and ably represented appellant at the trial of the case. In failing to grant appellant's motion for continuance, the trial court did not abuse its discretion. See *Echols v. Brewer,* 524 S.W.2d 731, 734 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.