CHAVCO INVESTMENT COMPANY,
INC., Appellant,

v.

Jack PYBUS, Appellee.

No. B2501.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 25, 1981.

Rehearing Denied April 15, 1981.

Tom A. Adams, III, Katy, for appellant.

Carla R. Voelker, Douglas E. Stewart, Liddell, Sapp, Zivley & Brown, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

COULSON, Justice.

Appellant, Chavco Investment Co., Inc., appeals from the granting of a writ of mandamus in favor of appellee, Jack Pybus. We affirm.

Appellee, Jack Pybus, owns 15,000 shares of stock in Chavco Investment Co.—10,000 shares were issued to him on December 24, 1970, and 5000 shares on January 15, 1977. There are 30,000 outstanding shares in appellant corporation. On December 14, 1978, appellee authorized his attorney to send written demand to appellant that he be granted the right to examine, in person or by his agent, all the books and records of the corporation. Appellee stated the purpose for the examination was to determine whether the rental on a building, the principal asset of the corporation, was a reasonable rental or whether the rental was so unreasonably low as to result in corporate waste. Appellee was not allowed to examine the books after this demand. On December 4, 1979, appellee filed a petition for writ of mandamus to compel inspection of the corporate books and records. Appellee relied on Tex.Bus.Corp.Act Ann. art. 2.44 B (Vernon 1980). Art. 2.44 B states:

B. Any person who shall have been a holder of record of shares for at least six (6) months immediately preceding his demand, or shall be the holder of record of at least five per cent (5%) of all the outstanding shares of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person or by agent, accountant, or attorney, at any reasonable time or times, for any proper purpose, its relevant books and records of account, minutes, and record of shareholders, and to make extracts therefrom.

*Id.* On February 3, 1980, appellee again demanded in writing an examination of the books. Appellee stated the additional purposes of ascertaining the value of his shares, examining expenditures, determining whether there was excessive compensation being paid to officers and directors, whether corporate funds were used for personal purposes, and whether there was corporate mismanagement. Again appellee's demand was refused. After trial to the court, the court granted the writ of mandamus and appellant complains of that order.

■ Appellant asserts that the trial court erred in hearing the case without a jury. The Texas Rules of Civil Procedure provide that no jury trial shall be had in a civil suit unless a jury fee is paid not less than ten days in advance of the date set for trial of the cause on the non-jury docket. Tex.R. Civ.P. 216. The case was set on the ancillary docket for February 11, 1980. The transcript contains a receipt from the District Clerk's office for the $5.00 paid by appellant for the jury fee. The receipt is dated February 4, 1980. Thus the demand was not timely. Appellant relies on a letter from his files submitted to this court after oral argument. The letter, dated January 30, 1980, was from appellant's counsel to the District Clerk's office in which appellant enclosed the required jury fee. The letter was stamped February 1st and mailed back to appellant. This letter is not controlling since it was not before the trial court and was not an official receipt from the clerk's office for payment of the jury fee.

■ We also find that appellant's point of error is without merit even if he had timely paid the jury fee. After the court refused to allow a jury for the case, appellant's counsel refused to appear at the hearing. Appellant states in his brief that he recused himself "so as not to waive his demand for trial by jury." Rule 220 of the Texas Rules of Civil Procedure states, "Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury." Tex.R.Civ.P. 220. This amendment to Rule 220 has been in effect

since January 1, 1971, and the Texas courts have held that even if a party makes a timely demand for a jury and pays the jury fee, failure to appear for trial either in person or by attorney, constitutes a waiver of his right to trial by jury. *Hall v. C–F Employees Credit Union*, 536 S.W.2d 266 (Tex.Civ.App.-Texarkana 1976, no writ); *Security Federal Savings & Loan Association v. DeWitt*, 536 S.W.2d 262 (Tex.Civ. App.-Amarillo 1976, writ ref'd n.r.e.); *Carruth v. Shelter Air Systems, Inc.*, 531 S.W.2d 913 (Tex.Civ.App.-Houston [1st Dist.] 1975, no writ). This provision in Rule 220 overruled the line of cases holding otherwise and which are no longer authoritative. 3 R. McDonald, Texas Civil Practice § 11.03.2 (rev.1970). Appellant, having waived his right to a jury trial, can not now complain of the trial court's refusal to allow a jury.

Furthermore, as appellant concedes, the right to a jury trial does not exist in all situations where mandamus is applicable. *Uvalde Rock Asphalt Co. v. Loughridge*, 425 S.W.2d 818 (Tex.1968). The right does exist "where a corporation, in resisting a stockholder's attempt to inspect the books and records, raises by its pleadings a fact issue over whether the stockholder has a proper purpose for wanting to see the books." *Id.* at 820. In its first amended original answer, appellant alleged that plaintiff (appellee) brought the suit to compel inspection of the books in bad faith and for an improper purpose. Appellant stated the sole purpose of the inspection was the culmination of a long but disagreeable relationship between the parties. Appellant claimed appellee sought to force appellant either to purchase appellee's stock at a grossly inflated price or to sell to appellee at a grossly inadequate price. These allegations by appellant in its answer are merely conclusions and clearly distinguishable from the allegations in the answer filed in *Uvalde*. Appellant's pleading does not raise a fact issue on proper purpose.

In *Uvalde*, the Whites as stockholders of record in Uvalde Rock Asphalt Company, made a written demand to inspect the books of the corporation. After the Company refused the demand, the Whites filed suit in the trial court seeking a writ of mandamus to compel the inspection. The Company filed an answer in which it alleged *facts* showing a disagreeable relationship between the parties. The company alleged the Whites' purposes for wanting to inspect the books were improper—to obtain a competitive advantage in the area in which the Whites and the Company were competitors and to continue a program of harassment of the Company. After filing the answer, the Company timely demanded a jury trial on the issue of proper purpose. Before trial, the Whites filed a motion for discovery which the trial judge granted. The Company then filed a petition for writ of mandamus in the Court of Civil Appeals to require the trial judge to expunge the order of discovery. The Texas Supreme Court held the Company raised a fact issue on proper purpose and the granting of the motion for discovery deprived the Company of a jury trial on the issue.

Appellant in its answer, although sworn to, does not allege facts sufficient to meet the guidelines of *Uvalde* and is therefore not entitled to a jury trial on proper purpose. The right of a stockholder as conferred by statute to examine the corporate records, although not absolute, is a valuable right. It can not be circumvented by the mere conclusion that no proper purpose exists. Facts must be alleged which show an improper motive. Conclusionary statements such as the existence of bad faith, improper purpose, or a disagreeable relationship, are not sufficient to raise a fact issue.

To safeguard the right of a stockholder (of at least 6 months before demand or of at least 5% of the outstanding shares) of a corporation to inspect the books for a proper purpose, we hold that to raise a fact issue on proper purpose, specific *facts* must be *alleged* in the pleadings. If this were not required, a corporation that desired to defeat the right of its stockholders to inspect the books, could do so by alleging the "magic words" that the stockholder had

"improper purposes for wanting to inspect the books." Thus a corporation could obtain a jury trial on proper purpose, resulting in lengthy delays in the determination of the stockholder's rights to the inspection. Mandamus would be effectively destroyed under such circumstances.

 Appellant also presents to this court a question of first impression, claiming that the trial court erred in holding that appellee (plaintiff) as a *director* has the right to inspect the books and records of appellant corporation. In *Uvalde*, the Texas Supreme Court was only addressing the rights of stockholders to inspect the corporate books. In this case, appellee was also a director of the corporation. The Texas Business Corporation Act does not specifically confer upon directors the right to inspect the corporate books. However, the Act does charge directors with managing the business and affairs of the corporation (Art. 2.31) and imposes liability upon them under various circumstances (Art. 2.41). One commentator has stated:

> It would seem to be axiomatic that the individual director cannot make his full contribution to the management of the corporate business unless given access to the corporation's books and records. The information therein contained is ordinarily requisite to the exercise of the judgment required of directors in the performance of their fiduciary duty—so much so that the directors' right of inspection has been termed absolute, during their continuance in office at all reasonable times.

Fletcher, Cyclopedia of the Law of Private Corporations § 2235 at 771 (rev. perm. ed. 1976). We hold that the right of a director of a corporation to inspect the corporate books and records is absolute. When the corporation refuses to comply with the director's demand for inspection, the director need only show (in a mandamus action to compel the inspection) that (1) he is a director, (2) that he demanded to inspect the corporate books and records, and (3) the right to inspection was refused by the corporation. The unqualified right of appellee as director to inspect the books of the corporation must be distinguished from the right of shareholders, which is not absolute and is statutorily granted by the Texas Business Corporation Act.

 Appellant also complains that the trial court abused its discretion in awarding appellee $2,650.00 as attorney's fees. We find the trial court acted properly. Art. 2.44 C of the Texas Business Corporation Act provides that any corporation which refuses to allow a shareholder to examine the records for any proper purpose shall be liable to such shareholder for all costs and expenses, including attorney's fees incurred in enforcing his rights. Tex.Bus.Corp.Act Ann. art. 2.44 C (Vernon 1980). The purposes for the inspection as stated by appellee in its demands to appellant were clearly proper and legitimate reasons for wanting to inspect the books of the corporation. The trial court had statutory authorization to award attorney's fees in this case.

We have examined the remaining points of error of appellant and find that they are without merit. All points of error are therefore overruled.

Affirmed.