**Enriquetta Soliz LOPEZ, Appellant,**

v.

**Joe Frank SOLIZ, Appellee.**

No. 1822.

Court of Civil Appeals of Texas,
Corpus Christi.

June 18, 1981.

Armando Cavada, Banales & Cavada, Corpus Christi, for appellant.

Lola Bonner, Rockport, Atty. at Law, for appellee.

OPINION

NYE, Chief Justice.

This is an appeal from the judgment of the trial court which ordered appellant, Enriquetta Soliz Lopez, removed as Managing Conservator of her child, Suzanne Soliz, and which named the child's father, appellee Joe Frank Soliz, as Managing Conservator. The mother appeals, raising three points: 1) that the trial court erred in entering an Order Modifying the Prior Order without counsel for appellant present; 2) the trial court erred in disposing of the entire case by Order Modifying the Prior Order before a motion to Terminate Temporary Managing Conservator had been heard; and 3) the trial court erred in entering an Order Modifying the Prior Order because good cause existed for the absence of appellant's counsel.

A review of the chronological order of events preceding the trial is appropriate. The parties were divorced in February of 1977. The divorce decree appointed the mother Managing Conservator and the fa-

ther Possessory Conservator of the girl child, Suzanne. The father was appointed Managing Conservator of the boy child. In October of 1978, the father brought suit for a change of custody regarding the girl child. At the time of this action, the father had possession of the little girl. A month later, the mother filed a petition for writ of habeas corpus, seeking the return of the child. The writ of habeas corpus was heard on December 6, 1978, and was denied. The court said:

> "... pursuant to Section 14.10 Subsection (c), that there is a serious immediate question concerning the welfare of the child, to-wit: the continued treatment of the infectious disease gonorrhea."

On June 30, 1980, the mother filed a Motion to Terminate Temporary Managing Conservatorship and requested a jury trial. Attached to this motion was the following paragraph:

> "Motion is granted/denied.
> Judge Presiding"

The trial judge struck out the above language and wrote, "A hearing is ordered for the 14th day of July 1980, at 9:30 o'clock." The docket sheet read: "Case not reached, case re-set for July 14, 1980, at 9:30 a. m."

On July 14, 1980, the case was called at 9:30 a. m. The appellee father and his attorney were present; however, neither the mother nor her attorney appeared. The trial court decided to deem this absence of the party and her attorney as a waiver of a jury trial. The court proceeded to hear the case. At the conclusion of the hearing, the court entered an order modifying the original divorce decree by appointing the father as managing conservator of the girl child.

The mother, in her first point of error, contends that the trial court erred in deeming her absence and that of her attorney as a waiver of her demand for a jury trial. Rule 220, T.R.C.P., provides for just such a situation: "... Failure of a party to appear for trial shall be deemed a waiver by him of the right to the trial by jury." *Chandler v. Chandler*, 536 S.W.2d 260 (Tex. Civ.App.—Corpus Christi 1976, error dism'd); *Crabbe v. Hord*, 536 S.W.2d 409

(Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.). Appellant's point of error number one is overruled.

Next, the mother contends that the trial court erred in disposing of the entire case at the July 14, 1980, hearing because the Motion to Terminate Managing Conservatorship had not been heard. The mother's complaint of this procedure is incorrect. A careful review of the record shows that a Temporary Managing Conservator had never been appointed. Consequentially, since there had been no Temporary Managing Conservatorship, the Motion to Terminate was superfluous. The only pending action that was before the trial court was the father's Motion to Modify the court's original Order. We hold that the trial court did not err in disposing of the entire case as it did. The mother's second point of error is overruled.

In her third point, the mother contends that the trial court erred in entering an order modifying the prior original order because good cause existed for the absence of appellant's counsel. Rule 253, T.R.C.P., provides that the absence of appellant's counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it may be allowed in the discretion of the court upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record. In the present case, the record reflects that counsel for the mother had actual knowledge of the July 14th hearing as early as June 30. The record further shows that on July 10, the mother's attorney received notice of a setting of a criminal case in Nueces County. The mother's attorney argues that this additional criminal setting in Nueces County was good cause for his absence at the trial of this case in San Patricio County. He argues further that there was no time to prepare a motion for continuance. The attorney for the appellant mother made no attempt to file a motion for continuance, nor did he contact the court or the attorney for appellee for an agreed postponement or

continuance. He just failed to show up. This case was set prior to the Nueces County criminal case. We find no basis for an abuse of discretion by the trial judge in proceeding to trial. Rule 253. *Willoughby v. Upshur Rural Electric Cooperative Corporation*, 562 S.W.2d 33 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Chandler v. Chandler*, supra.

The appellant mother also contends that the trial court erred in entering an Order Modifying the Prior Order because the case of modification could not be proved. We disagree. Although the appellant failed to file a statement of facts, the deposition of the child's physician is in the record. It alone was sufficient to show that the retention of the mother as managing conservator would be injurious to the welfare of the child. But, see also: *Armenta v. Nussbaum*, 519 S.W.2d 673 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.) concerning the presumption of sufficient evidence where there is an absence of the statement of facts. The third point of error is overruled.

Judgment of the trial court is affirmed.