**Troy BARLCAY, Appellant,**

v.

**OCHILTREE APPRAISAL DISTRICT BOARD and Appraisal District Review Board, Appellees.**

No. 07–86–0195–CV.

Court of Appeals of Texas, Amarillo.

May 29, 1987.

Rehearing Denied June 24, 1987.

Troy Barclay, pro se.

Kevin Brennen, Perdue Brandon & Fielder, Amarillo, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Troy Barclay, proceeding pro se, brings this appeal from a take-nothing summary judgment rendered in his litigation against Ochiltree Appraisal District Board and Appraisal District Review Board, hereinafter called the Board. Upon the rationale expressed, we affirm.

Barclay instituted the litigation underlying the appeal by filing his denominated "petition for review" to complain of the Board's failure to provide him a determination of his question, *viz.*, "what is the money of account of the United States as defined by law?" He alleged that the Board had assessed value to his property without a determination of the substance of money which, if permitted to stand, will deprive him of his property without due process of law. He asserted a common law right for a jury to decide all issues of law and fact.

After answering the petition, the Board moved for, and was granted, summary judgment, which denied Barclay all relief. He then perfected this appeal from the judgment rendered, filing his pro se brief.

Pointing out that the brief embraces no cognizable points of error as required by Rule 74(d), Texas Rules of Appellate Procedure, the Board submits that nothing is presented for review, and Barclay's appeal is not entitled to consideration. We acknowledge the general rule that contentions not presented by points of error will not be considered. *See, e.g.,*

*Chandler v. Chandler,* 536 S.W.2d 260, 262 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd). Yet, since the original purpose of the briefing rules is to present the merits of the appeal, *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 482 (1943), and we can ascertain from the brief of Barclay, a layman, as implemented by his argument on submission, his contentions that were passed on by the trial court, we will entertain them even though not raised by formal points of error, *McKelvy v. Barber,* 381 S.W.2d 59, 62 (Tex.1964), rather than requiring rebriefing.

Although Barclay presents his contentions as six in number, they are shades and phases of these two major contentions: (1) he was entitled to, but denied, a trial by jury to decide all facts and law; and (2) the appraisal, assessment, and collection of taxes in dollars, a currency that fluctuates, violates the law of pure and just weights and measurements constructed on species of gold and silver. We will address the contentions in inverse order.

■ Barclay initiated this litigation against the Board to obtain an adjudication of a pure, just, and sure measurement of the dollar. However, the Board is not empowered to make this determination.

The Ochiltree Appraisal District Board is responsible only for appraising property in its district for ad valorem tax purposes. Tex. Tax Code Ann. § 6.01(b) (Vernon 1982). The Appraisal District Review Board is responsible for reviewing the appraisal records for the Ochiltree Appraisal District Board. Tex. Tax Code Ann. § 41.-01 (Vernon 1982). In discharging its responsibility, the Board's appraisal of property must be stated in the currency of the United States, for taxes are payable only in that currency. Tex. Tax Code Ann. § 31.-06(a) (Vernon 1982); *Muldrow v. Texas Frozen Foods,* 157 Tex. 39, 299 S.W.2d 275, 277 (1957). Long ago, the dollar was established as the monetary standard of the currency of the United States; and, although it is recognized that the value of a dollar fluctuates with variations in the weight and fineness of the monetary standard, that is a matter within the control of

Congress, *Holyoke W. Power Co. v. American W.P. Co.,* 300 U.S. 324, 341, 57 S.Ct. 485, 490, 81 L.Ed. 678 (1937), and not for the determination · of the Board or the courts.

It follows that the Board is legally incapable of making the determination for which Barclay initiated this litigation. Thus, as a matter of law, Barclay's petition failed to state a legal claim or cause of action against the Board.

■ As previously noted, the court, sitting without a jury, rendered a take-nothing judgment on Barclay's petition. A trial by jury in a suit at common law in a state court, which Barclay contends he was denied in violation of his common law right as a natural citizen, is not a privilege or immunity attaching to national citizenship that the states are forbidden to abridge by the federal constitution; and, in this State, the right of trial by jury is not an absolute right, but is subject to certain procedural rules. *Wooten v. Dallas Hunting & Fishing Club, Inc.,* 427 S.W.2d 344, 346 (Tex. Civ.App.—Dallas 1968, no writ). One of those procedural rules is the summary judgment rule, Rule 166–A of the Texas Rules of Civil Procedure, which prescribes the means for a final disposition of litigation by the court as a matter of law and without a jury when there are no disputed fact issues to be resolved by a jury.

■ In this litigation, Barclay's petition involved only a question of law, *i.e.,* whether the Board was obligated to provide him with a determination of the substance of money. Since Congress alone can make that determination, not only did Barclay's petition fail to state a legal claim or cause of action against the Board, but he cannot amend his petition so as to state a legal claim or cause of action against the Board for that determination. As a result, his petition was subject to the summary judgment rule and to the take-nothing summary judgment rendered, *Jacobs v. Cude,* 641 S.W.2d 258, 261 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); and, therefore, he is in no position to complain of the lack of due process by the denial of a jury trial. *Schroeder v. Texas & Pacific Ry.*

*Co.*, 243 S.W.2d 261, 263 (Tex.Civ.App.— Dallas 1951, no writ).

In arriving at our decision on the appeal, we have carefully considered all of Barclay's contentions, whether they are specifically mentioned or not. None of them is a reason to disturb the judgment rendered. All of them are overruled.

Accordingly, the judgment of the trial court is affirmed.