

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

May 12, 2015

Mr. Wallace Hall
Member, Board of Regents
The University of Texas System
Ashbel Smith Hall, Suite 820
201 West 7th Street
Austin, Texas 78701

Opinion No. KP-0021

Re: Authority of the University of Texas System Board of Regents to prohibit a regent from accessing records in the possession of the University (RQ-0020-KP)

Dear Mr. Hall:

You ask two questions related to the authority of the University of Texas System ("the System") Board of Regents ("the Board") and the Chancellor of the System to prohibit a regent from obtaining documents in the possession of the University.[1] Before we address these substantive questions, we must address a procedural question raised by the System and the Board. The System and the Board suggest that "[a]n individual Regent is not authorized to seek an opinion of the Attorney General in his official capacity without the consent of the Board." System Brief at 2. In subsection 402.042(b) of the Government Code, the Legislature has authorized specific individuals who may request an opinion from the attorney general, including, among others: "(1) the governor; (2) the head of a department of state government; (3) a head or board of a penal institution; (4) a head or board of an eleemosynary institution; (5) the head of a state board; [and] (6) a regent or trustee of a state educational institution." TEX. GOV'T CODE ANN. § 402.042(b) (West 2013). Pursuant to this language, in most instances a single member that is not the head of a multi-member board is not authorized to seek an opinion of the attorney general individually. The plain language of subsection 402.042(b)(6), however, does not create such limitations with regard to state educational institutions.[2] *See Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500,

---

[1]*See* Letter from Bill Aleshire, Counsel to Wallace Hall, Regent, Univ. of Tex. Sys., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Apr. 20, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs. After the System and the Board suggested that a regent may not ask for an attorney general opinion through private counsel, you submitted an identical letter directly requesting the opinion in your capacity as a regent. Letter from Wallace L. Hall, Regent, Univ. of Tex. Sys., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (May 6, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter"). *See* Letter from Daniel H. Sharphorn, Vice Chancellor and Gen. Counsel, Univ. of Tex. Sys., and Francie A. Frederick, Gen. Counsel to the Bd. of Regents, Univ. of Tex. Sys., to Honorable Ken Paxton, Tex. Att'y Gen. at 2–3 (May 4, 2015) (on file with the Op. Comm.) ("System Brief").

[2]The System and the Board contend that a prior version of the statute allowed only "the heads of boards" of various institutions including "regents and trustees of State education institutions." System Brief at 3–4. However,

507 (Tex. 2012) ("The plain language of a statute is the surest guide to the Legislature's intent."). That the Legislature limited the authority to request opinions to the heads of other entities suggests that it knew how and could have done so with regard to regents of educational institutions if that was its intent. *See Zanchi v. Lane*, 408 S.W.3d 373, 380 (Tex. 2013) (holding that the Legislature demonstrated that it knew how to require service of a document to mirror service by citation because it had done so in article 59.04 of the Code of Criminal Procedure but not in the Medical Liability Act). Thus, under the plain language of subsection 402.042(b)(6), any individual who serves as "a regent or trustee of a state educational institution" is authorized to request an attorney general opinion. TEX. GOV'T CODE ANN. § 402.042(b)(6) (West 2013).

You explain that as a member of the System's Board, you have concerns about the System's student admissions practices, and you have requested records and working papers the System holds of an independent investigation related to the same. Request Letter at 1. You advise that to date, none of the records have been provided. *Id.* at 2. You first ask whether the Board has "authority to prohibit, by rule or otherwise, a regent from obtaining access to and copies of records in the possession of the University that the regent believes are necessary to review to fulfill his duties as a regent." *Id.* at 1. You emphasize that you are asking about access by "a regent in his official capacity," distinguishing such access from a request made as a member of the public under the Public Information Act. *Id.* at 3; *see* Tex. Att'y Gen. Op. No. JM-119 (1983) at 2 ("when a trustee . . . , acting in his official capacity, requests information maintained by the district, he is not a member of the 'public' for purposes of the Open Records Act"). Thus, we look to law outside of the Public Information Act to answer your questions.

The government of the System "is vested in a board of nine regents appointed by the governor with the advice and consent of the senate. The board may provide for the administration, organization, and names of the institutions and entities in The University of Texas System in such a way as will achieve the maximum operating efficiency of such institutions and entities." TEX. EDUC. CODE ANN. § 65.11 (West 2002). Furthermore, the Board is charged with setting "campus admission standards consistent with the role and mission of the institution and considering the admission standards of similar institutions nationwide having a similar role and mission." *Id.* § 51.352(d)(4) (West 2012).

The Board "has authority to promulgate and enforce such other rules and regulations for the operation, control, and management of [the System] as the board may deem either necessary or desirable." *Id.* § 65.31(c) (West 2002). Pursuant to that authority, the Board has promulgated rules concerning access to information by members of the Board.[3] Relevant to your inquiry, Board Rules provide that "Members of the Board of Regents are to be provided access to such information as *in their individual judgments* will enable them to fulfill their duties and responsibilities as

---

the Texas Supreme Court construes codified changes intended to be nonsubstantive according to their plain terms. *See, e.g., Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286 (Tex. 1999) ("We are compelled to conclude that when, as here, specific provisions of a 'nonsubstantive' codification and the code as a whole are direct, unambiguous, and cannot be reconciled with prior law, the codification rather than the prior, repealed statute must be given effect.").

[3]*See* The Univ. of Tex. Sys., Rules and Regulations of the Bd. of Regents, https://www.utsystem.edu/board-of-regents/rules ("Board Rules").

Regents of the U.T. System." Board Rule 10101 § 3.1 (emphasis added). Board Rule 10801, section 5.4 outlines a specific process by which a member of the Board or the Chancellor may request information. The rule begins with a statement that the process "is not intended nor will it be implemented to prevent a member of the Board . . . from access to information or data that the Board member . . . deems is necessary to fulfill his or her official duties and responsibilities." Board Rule 10801 § 5.4.1. The rule further provides:

> Within 5 business days of the receipt of a Regent's information request, the Chancellor's Office will provide the requesting Regent with an estimated date for delivery or production. . . . In the rare circumstance when there are concerns about a Regent's request, the matter will be discussed with the Regent . . . . If concerns about a request for information or data are unresolved following discussion with the Regent, the matter will be presented to the Board as quickly as possible . . . . For the purpose of a Board vote on this issue, the vote of any two or more Regents in support of the request is sufficient to direct that the request will be filled without delay.

Board Rule 10801 § 5.4.5.

Rules adopted by a university system's board of regents in the exercise of the board's delegated authority have the force and effect of law. *See Foley v. Benedict*, 55 S.W.2d 805, 808 (Tex. 1932) (orig. proceeding) (stating that rules of the board "are of the same force as would be a like enactment of the Legislature"). Courts will not interfere with rules of a board of regents of a university in the absence of a clear showing of arbitrary action or abuse of discretion. *Id.* at 808–09. The rules of a board of regents of a university system, however, may not be contrary to the constitution or statutes. *See R.R. Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992) (stating that a state agency's rules must be consistent with state law).

The Legislature has not expressly conferred upon regents the right to access documents in possession of a university. However, "[e]ach member of a governing board has the legal responsibilities of a fiduciary in the management of funds under the control of institutions subject to the board's control and management." TEX. EDUC. CODE ANN. § 51.352(e) (West 2012); *see also* Board Rule 10101 § 3.1 (requiring regents to become "knowledgeable in some detail regarding the operations, management, finances, and effectiveness of the academic, research and public service programs of the U.T. System"). That the Legislature has charged the regents with administration of the System, including its admissions process, and has imposed fiduciary obligations upon the regents individually necessarily implies that regents may have access to System information and records. *Cf. Chavco Inv. Co. v. Pybus*, 613 S.W.2d 806, 810 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) (holding that a director of a corporation has a right to inspect the corporate books and records).

While we have found no Texas court decisions directly addressing the issue in the context of university regents, Texas attorneys general have consistently concluded that "a member of a governing body has an inherent right of access to the records of that body when requested in the member's official capacity and for the member's performance of official duties." Tex. Att'y Gen.

Op. Nos. GA-0138 (2004) at 3, JC-0283 (2000) at 3–4, JC-0120 (1999) at 3, JM-119 (1983) at 3. In addressing a request for audit information by a member of the board of trustees of a community college district, this office explained that "a member of that board has an inherent right of access to such records, at least when he requests them in his official capacity." Tex. Att'y Gen. Op. No. JM-119 (1983) at 3. The chancellor in that situation claimed that, as custodian of records, he could decline to furnish to *any* requestor records that he determined were protected by law. *Id.* at 1. Contrary to that claim, this office explained that a chancellor's ability "to prevent a district trustee from obtaining those records . . . would create an anomalous situation in which a district employee could prevent such trustee from discharging his official duties." *Id.* at 3.

Access to records is a necessary part of a board member's fulfillment of his or her duties. While a governmental body may adopt reasonable procedures with regard to the timing, copying, and process for review of records, a "governmental body cannot adopt a policy that prevents a member of the body from performing the duties of office." Tex. Att'y Gen. Op. No. JC-0120 (1999) at 3; *see* Tex. Att'y Gen. LO-93-069, at 5 ("we believe the legislature would have expressly authorized the board to adopt rules limiting the board members' access to the board's personnel or investigative records if it had intended the board by majority vote to limit an individual member's access to those records"). The Board's own rules acknowledge this principle by providing regents "access to such information as *in their individual judgments* will enable them to fulfill their duties and responsibilities as Regents of the U.T. System." Board Rule 10101 § 3.1 (emphasis added). Thus, unless a state or federal law requires otherwise, a court would likely conclude that the Board may not prohibit an individual regent from obtaining access to records in the possession of the System that the regent believes are necessary to fulfill his duties as a regent.

Your second question asks whether the Chancellor has authority "to prohibit the regent from having access to or obtaining copies of records that the regent believes are necessary to review to fulfill his duties as a regent." Request Letter at 1. You explain that the System has in the past withheld some of the information you have requested because the documents included student records that the Chancellor has determined are protected under the Family Educational Rights and Privacy Act ("FERPA"). *Id.* at 2. Although an assessment of FERPA's application to a given set of records is beyond the scope of this opinion,[4] we note that FERPA also provides that "nothing in [FERPA] shall be construed to prohibit State and local education officials from having access to student or other records which may be necessary in connection with the audit and evaluation of any federally or State supported education program."[5] 20 U.S.C.A. § 1232g(b)(5) (West 2010).

---

[4]*See* Letter from LeRoy S. Rooker, Dir., Family Policy Compliance Office, U.S. Dep't of Educ., to Katherine M. Cary, Chief, Open Records Div., Office of the Tex. Att'y Gen. at 3–4 (July 25, 2006) (on file with the Op. Comm.) (stating that the Office of the Attorney General is not generally authorized to obtain and review specific documents to determine the applicability of FERPA).

[5]To the extent that some of the requested documents involve student records protected under FERPA, FERPA requires that "any data collected by [state educational authorities] shall be protected in a manner which will

## S U M M A R Y

Unless a state or federal law requires otherwise, a court would likely conclude that the Board of Regents of the University of Texas System may not prohibit an individual regent from obtaining access to records in the possession of the University that are necessary to fulfill his duties as a regent.

A court would likely conclude that the Family Educational Rights and Privacy Act does not allow a university to withhold student records from state or local education officials that are necessary in connection with an audit and evaluation of a state supported education program.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee
Assistant Attorney General

---

not permit the personal identification of students and their parents by other than those officials, and such personally identifiable data shall be destroyed when no longer needed for such audit, evaluation, and enforcement of Federal legal requirements." 20 U.S.C.A. § 1232g(b)(3) (2010).