**BRADLEY MOTORS, INC., Petitioner,**

v.

**David MACKEY, Respondent.**

No. 94–0244.

Supreme Court of Texas.

June 15, 1994.

Ronald D. Nickum, Amarillo, for petitioner.

Laurence Alan Bransgrove, Amarillo, for respondent.

PER CURIAM.

This is a suit brought under the Texas Deceptive Trade Practices–Consumer Protection Act by Bradley Motors against David Mackey. Bradley Motors claimed that Mackey misrepresented his intentions to transfer title of a "trade-in" automobile. Mackey filed an answer as well as a counterclaim. Mackey also requested a trial by jury and paid the required jury fee. When the case was called for trial as scheduled, Bradley Motors announced ready for trial, but neither Mackey nor his counsel appeared. Bradley Motors waived trial by jury, presented testimony and exhibits to the court, and made a record. The trial court rendered judgment for Bradley Motors on its unliquidated damages claims, including actual damages and attorney's fees. The court also ordered that Mackey take nothing on his counterclaim. Holding that Mackey had not waived his right to a jury trial on the issue of damages, the court of appeals reversed the trial court judgment. 871 S.W.2d 243. We reverse the judgment of the court of appeals.

The primary question presented is whether Mackey, who had filed an answer and properly requested a jury trial, waived his right to a jury trial on Bradley Motors' unliquidated damages claim by not appearing for trial. Since Mackey had answered but failed to appear for trial, the judgment in this case was a post-answer default judgment. In such a situation, a trial court may not render judgment on the pleadings and the plaintiff is required to offer evidence and prove all aspects of his case. *See Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979). The issue here is whether the trial court erred in hearing evidence of Bradley Motors' unliquidated damages and rendering a judgment. The two rules which are relevant are TEX.R.CIV.P. 243 and TEX.R.CIV.P. 220. Rule 243, which deals with default judgments, states:

> If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket.

TEX.R.CIV.P. 243. Rule 220, which deals with withdrawing a case from a jury docket, states:

> When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested. If so permitted, the court in its discretion may by an order permit him to withdraw also his jury fee deposit. *Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury.*

TEX.R.CIV.P. 220 (emphasis added). We have found no court of appeals decision other than the present one that has addressed this issue and held that a party who has properly requested a jury trial but fails to appear at trial has not waived the right to a jury trial on unliquidated damages. *See, e.g., Hanners v. State Bar of Texas,* 860 S.W.2d 903, 911 (Tex.App.—Dallas 1993, no writ) (*citing Moldanado v. Puente,* 694 S.W.2d 86, 89 (Tex. App.—San Antonio 1985, no writ)); *Chavco Investment Co., Inc. v. Pybus,* 613 S.W.2d 806, 809 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Lopez v. Soliz,* 619 S.W.2d 12, 13 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Hall v. C–F Employees Credit Union,* 536 S.W.2d 266, 267 (Tex.Civ. App.—Texarkana 1976, no writ); *Chandler v. Chandler,* 536 S.W.2d 260, 262 (Tex.Civ. App.—Corpus Christi 1976, error dism'd); *Crabbe v. Hord,* 536 S.W.2d 409, 415 (Tex. Civ.App.—Fort Worth 1976, writ ref'd n.r.e.); *Carruth v. Shelter Air Systems, Inc.,* 531 S.W.2d 913, 915 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). We agree that Rule 220 controls Rule 243, so that a party who fails to appear at trial after filing an answer waives the right to a jury trial.

Pursuant to TEX.R.APP.P. 170, a majority of this court grants petitioner's application for writ of error and, without hearing oral argument, reverses the judgment of remand by the court of appeals on the issue of damages.[1] We agree with the court of appeals, however, that the trial court erred by granting more relief than was requested by Bradley Motors in its petition, a conclusion Bradley Motors does not challenge in this Court. Therefore, we reform the trial court judgment to reduce the actual damages to $500.00, to delete the declaratory judgment that the contract between Mackey and Bradley Motors was binding, to delete the validation of the assignment of a retail installment sales contract by Bradley Motors, to delete the declaration that no grounds exist to rescind the contract between Mackey and Bradley Motors, and to delete the order that the State of Texas (a non-party) reissue title to an identified automobile. All other provisions remain as in the trial court judgment.

---

1. Bradley Motors also complains that the court of appeals improperly assessed costs against it on appeal. This point is moot because we have rendered judgment in favor of Bradley Motors, and as a prevailing party under our judgment,

As reformed, we render judgment in accordance with the trial court judgment.[2]

Bradley Motors will obtain all appropriate appellate costs. *See* Tex.R.App.P. 182(a).

2. Whether the court of appeals correctly affirmed the trial court's refusal to grant Mackey's motion for new trial is not before this Court. Mackey failed to raise this complaint by separate application for writ of error. *See Archuleta v. Int'l Ins. Co.,* 667 S.W.2d 120, 123 (Tex.1984).