Opinion issued March 3, 2005















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00845-CV




KELVIN RAY GATLIN, Appellant

V.

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, SUBROGEE
OF RAINBOW PLAY SYSTEM, Appellee




On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 784284






MEMORANDUM OPINION

          Appellant, Kelvin Ray Gatlin, appeals the trial court’s rendering a post-answer
default judgment in favor of Appellee, National Fire Insurance Company (National
Fire), Subrogee of Rainbow Play System. In two issues, Gatlin contends that the trial
court erred by rendering the post-answer default judgment in favor of National Fire
in the amount of $42,293.63 because (1) Gatlin did not receive a jury trial despite
making a proper jury demand and (2) Gatlin’s failure to appear for trial should be
excused because he did not receive timely “Notice of Oral Hearing.”
          We affirm.
Procedural History
          National Fire, the insurance carrier for Rainbow Play Systems, filed a
subrogation lawsuit against Gatlin to recover insurance benefits paid as a result of a
motor vehicle accident. On February 13, 2003, the case was set for trial to occur on
July 28, 2003. On July 28, 2003, the case was called for trial, but Gatlin did not
appear. After National Fire presented evidence in support of its claims, the trial court
entered final judgment for National Fire.
Timely Notice of Oral Hearing
          In his second issue, Gatlin contends that “the trial court should not have
rendered final judgment for failure of defendant to appear.” Gatlin contends he was
not given sufficient time to “file a response” and obtain a “bench warrant” for his
appearance in court for trial because he was not “given a timely notice of oral
hearing.” Gatlin specifically complains that he received insufficient notice of a pre-trial oral hearing that was set for Tuesday, July 22, 2003. The record reflects that, on
July 22, 2003, the trial court entered an order denying a motion to quash. The record
does not contain the motion to quash itself or any record of the hearing that occurred
on July 22, 2003. Gatlin has not shown any connection between his alleged failure
to receive notice of the July 22, 2003 pre-trial hearing and his failure to appear for
trial on July 28, 2003, when the trial court entered the default judgment.
          A post-answer default judgment is valid only if the defendant has received
notice of the default judgment hearing, or notice of the hearing that is dispositive of
the case and, therefore, is effectively the trial setting. See LBL Oil Co. v. Int’l Power
Servs., Inc., 777 S.W.2d 390, 390-91 (Tex. 1989); $429.30 In U.S. Currency v. State,
896 S.W.2d 363, 366 (Tex. App.—Houston [1st Dist.] 1995, no writ). 
          It is clear from the record that (1) the default judgment was rendered at the July
28 hearing, and that (2) the July 22 hearing was not dispositive of the case. Gatlin
does not contend that he did not have adequate notice of the July 28, 2003 trial setting
for which he did not appear. Because appellant had notice of the trial setting and
failed to appear, the trial court acted within its discretion by calling the case to trial
and entering a default judgment following consideration of the evidence. See Tex.
R. Civ. P. 245 (requiring 45 days’ notice for first trial setting); see also Bradley
Motors, Inc. v. Mackey, 878 S.W.2d 140, 141 (Tex. 1994) (holding that, when court
grants default judgment, plaintiff must still put on evidence and prove its case);
$429.30 in U.S. Currency, 896 S.W.2d at 366 (holding that validity of post-answer
default judgment depends on whether defendant received notice of default-judgment
hearing).
          We overrule Gatlin’s second issue.
Jury Request
          In his first issue, Gatlin contends that the trial court erred by rendering final
judgment in favor of National Fire because he did not receive a jury trial despite
making a proper jury demand. The record does not show that either party paid a jury
fee. Because the record does not reflect that a jury was properly requested, Gatlin
cannot show that he was entitled to a jury trial. See Tex. R. Civ. P. 216(b); Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996). But, even if Gatlin
had properly requested a jury trial, he waived his right to a jury trial by not appearing
for trial. See Tex. R. Civ. P. 220; Bradley Motors, Inc., 878 S.W.2d at 141.
          We overrule Gatlin’s first issue.
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.



                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.