Reversed and Remanded and Memorandum Opinion filed February 19, 2008








Reversed
and Remanded and Memorandum Opinion filed February 19, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00259-CV

_______________

 

COMUNIDAD BALBOA, LLC, Appellant

 

V.

 

CITY OF NASSAU BAY, Appellee

                                                                                                                                               


On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 2005-55420

                                                                                                                                               


 

M E M O R A N D U
M  O P I N I O N

Appellant,
Comunidad Balboa, LLC (AComunidad@), appeals the
judgment of the trial court granting City of Nassau Bay (the ACity@) a default
judgment against it in two issues: (1) the trial court erred in entering the
Final Judgment by Default, dated September 25, 2006, because Comunidad filed an
answer on May 19, 2006; and (2) the trial court erred in holding that Comunidad=s First Amended
Motion for New Trial was overruled by operation of law on or about 75 days
after September 25, 2006 because the Final Judgment by Default was
interlocutory.  We reverse and remand.

 








Background

Comunidad, the
owner of Balboa Apartments located within the jurisdiction of the Harris County
Appraisal District (AHCAD@), applied for, and
was granted, an ad valorem tax exemption for its property from HCAD. 
Subsequently, and after its initial challenge to the exemption was denied, the
City sued Comunidad and HCAD pursuant to sections 41.03-41.07 of the Texas Tax
Code, which allows a taxing entity to challenge HCAD=s decision to
grant an exemption to a property owner.  Comunidad was served on September 25,
2005.  On May 11, 2006, in light of the fact that Comunidad had not yet
answered, the City served Comunidad with its Motion for Final Judgment by
Default, and noticed a hearing for May 15, 2006.  Two days later, the trial
court ordered a Final Judgment by Default against Comunidad without a hearing
and assigned liability to Comunidad; the issue of damages was reserved.  








 Comunidad states
that it first became aware that it was required to file an answer in May 2006,
and did so on May 19, 2006, two days after the default judgment was signed.[1] 
Comunidad later received a docket control order dated June 8, 2006, setting
trial in January 2007.[2] 
However, having obtained a default judgment against Comunidad, the City now
sought an agreed judgment with HCAD.  In pursuit of this agreed final judgment,
and noting that the final judgment entered on May 17, 2006 left the issue of
damages open, on September 6, 2006, the City sought in a Motion to Modify Order
on Plaintiff=s Motion for Judgment by Default  to have the May 17,
2006 judgment modified to remove any residual claim for damages.  The City
served Comunidad with the motion and noticed the hearing for September 25,
2006.  Comunidad failed to appear, and the trial court ordered a second Final
Judgment by Default.  Counsel for Comunidad testified at a February 19, 2007 hearing
that they failed to appear at the September 2006 hearing because they were
moving offices, and while they discovered the notice in a box, they had not
seen it in time to appear.  On November 22, 2006, Comunidad filed its Motion
for New Trial, and then filed its First Amended Motion for New Trial on January
30, 2007.

On February 19,
2007, a hearing was convened and the trial court considered Comunidad=s First Amended
Motion for New Trial and the agreed judgment between the City and HCAD.  After
a robust discussion of events, the trial court ruled that the First Amended
Motion for New Trial was overruled by operation of law and signed the agreed
judgment between the City and HCAD.  This appeal ensued.

Default Judgment








This judgment did
not become final until February 19, 2007, when the trial court signed the
agreed judgment between the City and HCAD.  As long as HCAD remained a party, 
the default judgment against Comunidad was interlocutory.  See In re
Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d 827,
830 (Tex. 2005); Clarendon Nat. Ins. Co. v. Thompson, 199 S.W.3d 482,
492 (Tex. App.CHouston [1st Dist.] 2006, no pet.). Comunidad=s first issue
contends that the trial court erred in entering a default judgment against it
on September 25, 2006, because Comunidad filed an answer on May 19, 2006.  A trial
court may not render a no-answer default judgment against a defendant once an
answer has been filed.  See Tex. R. Civ. P. 299; Davis v. Jeffries,
764 S.W.2d 559, 560 (Tex. 1989) (per curium) (noting that filing an answer
before default judgment is rendered precludes the default, even if the answer
is untimely filed and the trial court is not aware it has been filed). Because
the record reveals that Comunidad filed an answer on May 19, 2006, the trial court erred in rendering
a no-answer default judgment against it thereafter.[3] 
We grant Comunidad=s first issue, and in so doing, need not address its second issue.

Accordingly, we
reverse the default judgment rendered by the trial court and remand the cause
to the trial court below for proceedings consistent with this opinion.  

 

 

 

 

/s/        Adele Hedges

Chief Justice

 

 

Judgment rendered and Memorandum
Opinion filed February 19, 2008.

Panel consists of Chief Justice
Hedges, Justice Anderson, and Senior Justice Murphy.*









[1]           Counsel for Comunidad claims that he called
the court clerk to confirm no default judgment had been entered.





[2]           The case was still pending because HCAD was
also a party to the City=s lawsuit.





[3]           A plaintiff may not attain a post-answer
default judgment solely on the pleadings, but is required to put on evidence to
prove each element of its claim if the defaulting party fails to appear for
trial. See Bradley Motors, Inc. v. Mackey, 878 S.W.2d 140, 141 (Tex.
1994) (citing  Stoner v. Thompson, 578 S.W.2d 679 (Tex. 1979)).  Hence,
even though Comunidad failed to appear at the September 25, 2006 hearing, the
City is not entitled to a post-answer default judgment because it failed to put
on any evidence proving its case.  





*           Senior Justice Paul C. Murphy sitting by
assignment.