**Opinion issued July 3, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00764-CV

_____

**JIM COLEMAN COMPANY, Appellant**

**V.**

**RAINER RANDLES INVESTMENTS, LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1018914**

---

## MEMORANDUM OPINION

In this breach–of–contract dispute, Rainer Randles Investments, LLC sued the Jim Coleman Company for damages stemming from its purchase of a defective ice machine. When Coleman failed to appear for trial, the trial court awarded a default judgment to Rainer. On restricted appeal, Coleman complains that (1) it

did not receive notice of the trial setting; and (2) legally insufficient evidence supports the trial court's default judgment. We agree with the second contention; therefore, we reverse and remand.

## Background

In July 2009, Rainer purchased an ice machine from Coleman for $109,975. Rainer paid Coleman $5,000 for installation of the machine. In February 2011, the machine ceased operating properly. Despite Rainer's requests, Coleman refused to repair the machine.

*Course of proceedings*

In August 2012, Rainer sued Coleman for breach of contract and breach of warranty, among other claims, alleging that (1) Coleman promised to service the ice machine for its lifetime; and (2) the machine was defective. Coleman timely answered. In December 2012, the trial court granted Coleman's counsels' motion to withdraw. The trial court set a trial for March 4, 2013. After the withdrawal, the trial court clerk did not mail a notice of the trial setting to Coleman's correct address, but Rainer's counsel sent a notice by certified mail, return receipt requested. On January 11, 2013, a person at Coleman's correct address signed in receipt of the notice.

On March 4, 2013, Coleman did not appear for trial. Robert Rainer, a corporate representative, and his counsel testified. The trial court awarded to

Rainer $150,975 in damages, $30,000 for attorney's fees, and conditional appellate attorney's fees. On September 4, 2013, Coleman filed a notice of restricted appeal.

**Discussion**

To prevail on restricted appeal, Coleman must establish that: (1) it filed a notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the complained–of judgment and did not timely file any post–judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30). Rainer acknowledges the first three elements; only the fourth element is at issue here. Coleman asserts that two errors are apparent on the face of the record: insufficient notice of the trial setting and legally insufficient evidence to support the judgment.

**I.    Notice**

Rainer proffered evidence that it notified Coleman of the trial when its counsel mailed a copy of the notice with a cover letter to Rainer at its address; it adduced evidence that Rainer's agent received the certified letter. Coleman contends that there is no proof that Rainer's counsel attached the actual notice of the trial setting to the transmittal letter. Nothing from the face of the record, however, indicates that the attachment was lacking, and counsel introduced the

notice and transmittal letter into evidence at the default–judgment hearing. Coleman also observes that the signature on the receipt of the notice is illegible, but nothing in the record contradicts the inference that the signature is genuine and that Coleman's agent received the letter. These arguments are unavailing; when nothing on the face of the record contradicts effective notice, appellate courts presume that it was given. *Id.* at 849–50; *Ginn v. Forrester*, 282 S.W.3d 430, 432–33 (Tex. 2009) (per curiam); *see also Welborn–Hosler v. Hosler*, 870 S.W.2d 323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ) ("The law presumes that a trial court will hear a case only after proper notice to the parties."). Because the record indicates that Coleman received notice of the trial setting, Coleman's first contention is without merit. *See Ginn*, 282 S.W.3d at 432–33; *Alexander*, 134 S.W.3d at 849–50.

## II.   Legal Sufficiency

*Standard of review*

If challenged, a review of the record on a restricted appeal includes a review of legal and factual insufficiency claims. *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam)).

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair–minded people to reach the verdict under review." *City of*

*Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we credit favorable evidence if a reasonable fact–finder could, and disregard contrary evidence unless a reasonable fact–finder could not. *Id.* If the evidence falls within the zone of reasonable disagreement, then we may not substitute our judgment for that of the fact–finder. *Id.* at 822. In making credibility determinations, however, the fact–finder "cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *Id.* at 820.

*Analysis*

If a defendant files an answer, a trial court may not render judgment on the pleadings; rather, the plaintiff is required to offer evidence and prove all aspects of its claim. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam); *Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994) (per curiam); *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). A conclusory statement cannot support a judgment even when the opposing party fails to object to it at trial. *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009). A conclusory statement expresses "a factual inference without stating the underlying facts on which the inference is based." *Arkoma Basin Exploration Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008) (quoting BLACK'S LAW DICTIONARY 308 (8th ed. 2004)) (internal quotation omitted).

The testimony in support of the judgment adduced at the trial court default hearing was limited to a recitation of Rainer's causes of action as alleged in its petition:

Rainer's counsel: At the time was it represented to you that they would service the machine down at that location and they would warrant and maintain the machine for you?

Robert Rainer: Yes.

Rainer's counsel: Have they done that?

Robert Rainer: No.
. . .

Rainer's counsel: Did they fraudulently induce you into that agreement?

Robert Rainer: Yes.

Rainer's counsel: Did they violate the contract?

Robert Rainer: Yes.

Rainer's counsel: Did they breach the implied and expressed warranties of the agreement?

Robert Rainer: Yes.

Rainer's counsel: Did they violate the Texas Deceptive Trade Practices Act?

Robert Rainer: Yes.

Rainer's counsel: And were your damages the $114,975 that you paid?

Robert Rainer: Yes.

Rainer's counsel: Did you also have damages—has it been 18 months that the machine has not worked?

Robert Rainer:  Correct, yes.

Rainer's counsel:  What are your lost profits monthly for the amount that you would have made had the machine worked?

Robert Rainer:  2,000 a month.
. . .

Rainer's counsel:  Is that what your lawsuit was for was $150,975 in principal?

Robert Rainer:  Yes.

Mere recitation of the pleadings is insufficient for a post–answer default judgment to survive a challenge on restricted appeal.  *See Lerma*, 288 S.W.3d at 930.  Rainer proffered testimony, but that testimony did not offer any specific facts supporting its recitations of liability, nor, in particular, any evidence that the claimed breaches and fraud caused its damages.  Coleman filed an answer generally denying the allegations in Rainer's petition.  Thus, it was incumbent upon Rainer to adduce adequate proof of causation, together with all of the other elements required to prove its claims.  *See Stoner*, 578 S.W.2d at 682 (holding that post–answer default judgment constitutes neither abandonment of defendant's answer nor implied confession of any issues joined by that answer).  Because the testimony supporting the judgment is bereft of specific liability facts, and contains no evidence of causation in particular, we hold that legally insufficient evidence supports the trial court's default judgment.  *See Pollock*, 284 S.W.3d at 816;

7

*Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984) (holding that it is incumbent on party seeking default judgment to present competent evidence of causal nexus between event sued upon and party's alleged damages, even when no answer is filed and liability is uncontested).

When legally insufficient evidence supports a post–answer default judgment, we remand the case for a new trial. *See Lerma*, 288 S.W.3d at 930–31 (remanding for new trial when post–answer default evidence is insufficient, because "the uncontested proceedings are often abbreviated and perfunctory . . . [and] less likely to result in a fully–developed factual record"); *Bennett v. McDaniel*, 295 S.W.3d 644, 645 (Tex. 2009) (per curiam) (applying *Lerma* in restricted appeal). We hold that the trial court erred in granting a default judgment based on legally insufficient evidence; thus, we remand the case for a new trial on the merits.

## Conclusion

We reverse the judgment of the trial court and remand the case for a new trial.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.

8