**Affirmed and Memorandum Opinion Filed March 6, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00422-CV

---

### SHEILA SIMEON, Appellant

### V.

### FAT PROPERTY, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1090995**

---

## M E M O R A N D U M   O P I N I O N

In this eviction case, a tenant appeals from a default judgment awarding the landlord possession of an apartment in the landlord's building. In one issue, the tenant contends that the trial court committed reversible error by denying her a jury trial. We affirm.

## BACKGROUND

Appellee Fat Property is the landlord of an apartment building located at 5610 Royal Palms in Houston. In February 2017, Fat Property filed a petition in justice court to evict appellant Sheila Simeon, who leased an apartment in the building, for failing to pay rent and violating her lease. On March 1, 2017, the court rendered a judgment on a jury verdict awarding Fat Property possession of the apartment.

Simeon appealed to the county court at law for a trial de novo. Simeon, acting pro se, filed a handwritten answer in which she requested a jury trial. Simeon also filed a sworn statement of inability to pay costs to appeal the judgment of eviction, and the justice court granted her motion to appeal by way of a pauper's affidavit.

Trial was set for May 23, 2017, but Simeon did not appear. The case was tried to the court. At the end of the trial, the judge orally rendered a judgment awarding Fat Property possession of the apartment, damages for unpaid rent, costs of court, attorney's fees, and conditional appellate attorney's fees.

Simeon then arrived over thirty minutes late. The trial judge explained to Simeon that a judgment had already been entered against her. The judge offered to reopen the case if Simeon had some evidence to show that she did not owe back rent, and sent the parties out to try to resolve their dispute. After a recess, Simeon informed the judge that she did not want to participate in discussions and asked that the judgment be entered. The judge reiterated her prior judgment and the proceedings were adjourned.

On May 23, 2017, the county court judge signed a default judgment in favor of Fat Property. This pro se appeal followed.

## ANALYSIS OF THE ISSUE

In her sole issue, Simeon contends that the county court reversibly erred by

2

denying Simeon her right to have the issues in the case tried by a jury. *See* Tex. Const. art. 1, § 15 ("The right of trial by jury shall remain inviolate."). Resolution of this issue is governed by Texas Rule of Civil Procedure 220, which provides:

> When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested. If so permitted, the court in its discretion may by an order permit him to withdraw also his jury fee deposit. *Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury*.

Tex. R. Civ. P. 220 (emphasis added); *see also Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994) (per curiam) (holding that party who answered and requested jury trial but failed to appear at trial waived right to jury trial after entry of default judgment).

The trial court's judgment recited that Simeon, "[h]aving been duly notified of the trial setting, failed to appear." Therefore, Simeon's failure to appear for trial after entry of a default judgment waived her right to a jury trial. *See* Tex. R. Civ. P. 220; *Bradley Motors*, 878 S.W.2d at 141. Nor does Simeon's late appearance, after the trial court had rendered judgment, change this outcome, as a late appearance also constitutes a waiver of the right to a jury trial under Rule 220. *See Maldonado v. Puente*, 694 S.W.2d 86, 89 (Tex. App.—San Antonio 1985, no writ) (holding that party arriving late for trial after answering and properly requesting a jury waived right to trial by jury).

Additionally, after Simeon arrived late for trial, she declined to proceed to trial after being offered an opportunity to have the case reopened so that she could present evidence in her defense, and requested that the original judgment be entered. A refusal to go forward with a trial also constitutes a failure to appear and waives any right to a trial by jury. *See Money v. Jones*, 766 S.W.2d 307, 308–09 (Tex.

3

App.—Dallas 1989, writ denied) (holding that attorney who refused to go forward with trial before visiting judge waived right to trial by jury).

Although Simeon cites several cases in support of the right to a jury trial, all of the cases cited predate the amendment of Rule 220 in 1971. *See Chavco Inv. Co., Inc. v. Pybus*, 613 S.W.2d 806, 808–09 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) (explaining that the amendment of Rule 220 on January 1, 1971, to provide that the failure of a party to appear for trial shall be deemed a waiver of the right to a jury trial "overruled the line of cases holding otherwise and which are no longer authoritative"). Simeon's cited authorities are no longer applicable and we do not consider them. Having concluded that Simeon's late appearance after a default judgment had been rendered against her waived her right to a jury trial, we overrule Simeon's issue.

## CONCLUSION

We overrule Simeon's issue and affirm the trial court's judgment.

/s/      Ken Wise
           Justice

Panel consists of Justices Boyce, Donovan, and Wise.