# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00211-CV

Juan Carlos Avila-Gonzalez, Appellant

v.

Maria Elena Avila, Appellee

FROM THE DISTRICT COURT OF McCULLOCH COUNTY, 452ND JUDICIAL DISTRICT
NO. 2017162, HONORABLE ROBERT R. HOFMANN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Juan Carlos Avila-Gonzalez[1] appeals from the trial court's final decree of divorce appointing his former spouse, appellee Maria Elena Avila, sole managing conservator of their children. In three appellate issues, Avila-Gonzalez contends, in essence, that the trial court abused its discretion in denying him his right to a jury trial and in assessing a bill of costs against him. We will reverse the provision in the trial court's final decree that orders Avila-Gonzalez to pay court costs and affirm the decree's remaining provisions.

---

[1] Avila-Gonzalez has represented himself in the trial court and on appeal. Although we attempt to construe a pro se appellant's briefing liberally, *see* Tex. R. App. P. 38.9, we must also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 (Tex. App.—Austin 2018, no pet.).

**BACKGROUND**

Maria Elena Avila filed for divorce in September 2017. Avila-Gonzalez filed an answer and did not request a jury trial. On October 25, 2017, the trial court issued a notice of setting for a final hearing on December 12. At the time, Avila-Gonzalez was incarcerated in federal prison serving a life sentence. Avila-Gonzalez later claimed that he did not receive this notice because he had been transferred to another prison. On November 21, the trial court clerk filed a document from Avila-Gonzalez providing a new address. On November 27, the court clerk filed a motion from Avila-Gonzalez requesting a jury trial.

The trial court called the case for hearing on December 12 but reset the case for January 11, 2018, because it determined that Avila-Gonzalez had requested a jury trial. On December 27, Maria Elena Avila filed a motion to strike the case from the jury docket, arguing that Avila-Gonzalez's request for jury trial was untimely because it was filed less than 30 days before trial was set to commence on December 12. *See* Tex. R. Civ. P. 216(a) ("No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance."). The court called the case on January 11, but, out of concern for proper notice to Avila-Gonzalez, again reset the case. The court set the date of the final hearing for March 20, 2018. Avila-Gonzalez does not dispute that he received notice of the March 20 hearing. The trial court also issued an order that Avila-Gonzalez participate in the hearing by telephonic means. On January 30, the trial court filed a document from Avila-Gonzalez that acknowledged the March 20 setting and again requested a jury trial. Then, on February 5, the trial court filed a document from Avila-Gonzalez

2

objecting to the March 20 setting and stating, "the Respondent indicates affirmatively in the record that it intends to stand on its perfected right to a Jury Trial."

On March 20, the trial court called the case for a final hearing. Avila-Gonzalez did not appear telephonically and was not represented by an attorney. After recounting the case's procedural history, the trial court stated that it had received notice from the federal prison in which Avila-Gonzalez was incarcerated that Avila-Gonzalez "was refusing to participate in the telephone hearing." The court further stated that it had personally contacted the prison concerning the hearing. Maria Elena Avila's attorney then explained that she had contacted the case manager at the prison, who indicated that Avila-Gonzalez "refuses to testify by phone and will not—does not want to participate by phone at this hearing today." Counsel then offered, and the trial court admitted, emails supporting her contention that Avila-Gonzalez refused to appear telephonically. After hearing further testimony and argument, the trial court stated, "We know that the Respondent/father has refused to participate in this hearing and urge his motion, although he has received multiple and numerous notices of these settings as previously testified to." The court then indicated that it would proceed with the final hearing. At the hearing, Maria Elena Avila testified, among other things, that Avila-Gonzalez had repeatedly physically abused her and emotionally abused their children.

At the conclusion of the hearing, the trial court stated that it would grant the divorce, appoint the petitioner sole managing conservator of the children, and appoint Avila-Gonzalez possessory conservator. The court signed a final decree of divorce to that effect, and this appeal followed.

## DISCUSSION

**Jury Trial and Due Process**

In his first two appellate issues, Avila-Gonzalez contends that the trial court violated his due process rights in failing to inform him of the December 12 setting and abused its discretion in denying his request for a jury trial. However, even assuming, without deciding, that Avila-Gonzalez did not receive the original notice of the December 12 setting, we conclude that the trial court did not violate Avila-Gonzalez's due process rights. Indeed, it is undisputed that the trial court reset the case to ensure that Avila-Gonzalez received due process. When the trial court remained concerned about the notice issue at the January 11 hearing, it reset the case again. The final hearing did not occur until March 20, and it is undisputed that Avila-Gonzalez had notice of that setting.

In addition, even assuming, without deciding, that Avila-Gonzalez perfected his request for a jury trial, we conclude that he waived that right by failing to appear at the final hearing and urge his objection to the bench trial. *See id.* R. 220 ("Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury."); *Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994) (per curiam) ("[A] party who fails to appear at trial after filing an answer waives the right to a jury trial."); *In re Harrison*, No. 14-15-00430-CV, 2018 WL 2926268, at *27 (Tex. App.—Houston [14th Dist.] June 12, 2018, no pet.) (substitute op.) ("A party who fails to appear at trial after filing an answer waives a right to a jury trial.") (collecting cases); *Nichols v. Goodger*, No. 03-16-00044-CV, 2017 WL 3122793, at *3 (Tex. App.—Austin July 20, 2017, no pet.) (mem. op.) (holding that the trial court did not deny appellant his constitutional right to trial by jury when it held a bench trial after appellant failed to appear for trial).

4

Because Avila-Gonzalez had notice of the final hearing and waived his right to a jury trial by failing to appear telephonically, we conclude that the trial court did not violate Avila-Gonzalez's constitutional rights and did not abuse its discretion in proceeding with a bench trial. Accordingly, we overrule Avila-Gonzalez's first two appellate issues.

**Bill of Costs**

In his third appellate issue, Avila-Gonzalez contends that the trial court "erred and abused its discretion" in assessing costs against him despite the fact that he filed an uncontested affidavit of indigency and inability to pay. In her brief, Maria Elena Avila does not address Avila-Gonzalez's argument that he is indigent, instead merely stating that "the district clerk properly included the required certified bill of costs in the record" because it is undisputed that Avila-Gonzalez received a copy of the record for which costs were assessed.

The record before us includes a document entitled "Affidavit of Indigency and Inability to Afford Payments of Child Support, Court Costs or an Appeal Bond." In the document, Avila-Gonzalez states that he is serving a life sentence in federal prison, asserts that he is unable to pays costs because of his poverty, and explains his financial condition. The document makes these declarations under penalty of perjury, is signed by Avila-Gonzalez, and is notarized. Attached to the document are records of Avila-Gonzalez's inmate balance. The record before us does not indicate that this affidavit was ever contested in the trial court.

"A party who files a Statement of Inability to Afford Payment of Court Costs cannot be required to pay costs except by order of the court as provided by this rule." Tex. R. Civ. P. 145(a). The record before us does not indicate that Avila-Gonzalez's statement was ever

5

contested or that the trial court entered an order under Rule 145 requiring Avila-Gonzalez to pay costs. "An uncontested affidavit of inability to pay is conclusive as a matter of law." *Campbell v. Wilder*, 487 S.W.3d 146, 151 (Tex. 2016) (cleaned up). "It is an abuse of discretion for any judge, including a family law judge, to order costs in spite of an uncontested affidavit of indigence." *Id.* at 152. Moreover, the portion of a judgment ordering costs in spite of an uncontested statement of inability to pay is void. Tex. R. Civ. P. 145(h) ("The judgment must not require the declarant to pay costs, and a provision in the judgment purporting to do so is void . . . .").

Accordingly, we sustain Avila-Gonzalez's third appellate issue and will reverse the provision in the trial court's final decree that orders Avila-Gonzalez to pay court costs. *See Vega v. Davis*, No. 12-17-00302-CV, 2018 WL 4001820, at *4 (Tex. App.—Tyler Aug. 22, 2018, no pet. h.) (mem. op.) (reversing "that portion of the judgment ordering Vega to pay costs" because the trial court failed to comply with Rule 145).

## CONCLUSION

Having sustained Avila-Gonzalez's third issue and having overruled his remaining issues, we reverse the provision in the trial court's final decree of divorce that "costs of court are to be borne by the party who incurred them" to the extent it applies to Avila-Gonzalez. We affirm the remaining provisions of the decree.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Puryear and Field

Affirmed in Part; Reversed in Part

Filed:   October 9, 2018