**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00355-CV**
_____

**AMY ANNE SHOULDICE, Appellant**

**V.**

**CHRISTINE ELIZABETH VAN HAMERSVELD AND JOHN D. THOMPSON JR., Appellees**

---

**On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 17-35611-P**

---

**MEMORANDUM OPINION**

This is an appeal from a final judgment admitting a will to probate. In five issues, Amy Anne Shouldice contends the trial court erred by: (1) imposing sanctions on Shouldice for her attorney's misconduct; (2) finding that the will contest was filed in bad faith, waiving trial by jury, and imposing case-determinative sanctions against Shouldice; (3) awarding over $227,000 in attorney fees on legally and factually insufficient evidence; (4) failing to grant Shouldice's motion for new

1

trial and in striking her supporting exhibits for the motion for new trial; and (5) holding Shouldice in contempt for failing to obey a previous sanctions order caused by her attorney's misconduct.

## Background

In 2009, Mary E. Thompson amended a trust agreement and executed a new will. The new will contained a will contest clause. After Thompson's death in 2017, Shouldice filed a will contest in the probate proceedings initiated by Shouldice's siblings, Christine Elizabeth Van Hamersveld and John D. Thompson Jr. During the pendency of the case, Shouldice's failure to timely comply with discovery requests resulted in deemed admissions and sanctions.

The trial court granted a traditional motion for summary judgment against Shouldice's claims on testamentary capacity and a no-evidence motion for summary judgment on her claims of undue influence to defeat the no contest clause. The trial court granted Shouldice's motion to reconsider her claims of undue influence but then granted the motion for summary judgment after Shouldice filed a summary judgment response with no evidence attached.

In a hearing held on July 5, 2018, the trial court ordered Shouldice to submit to a deposition and turn over to the opposing party information about unidentified

persons Shouldice used as a basis for obtaining a continuance.[1] The trial court reduced the order to writing on July 9, 2018.

The trial court held a contempt hearing four days before the date set for trial. The parties agreed to drop criminal contempt charges in exchange for an agreement to hear the motion for civil contempt that day and have the trial on July 30. Opposing counsel testified at the hearing that Shouldice failed to disclose to him the Jane Doe information ordered by the court. Shouldice testified that she was present for the entire July 5, 2018 hearing. She admitted she was at that time aware of the identities of the Jane Does but on advice from counsel, she refused to provide that information when she was deposed later that same day. Additionally, Shouldice could not recall why she failed to appear for previous court-ordered depositions. The trial court found Shouldice in contempt of court for failing to comply with the court's order and ordered Shouldice to pay $9,505 by 5:00 p.m. on July 30, 2018, to reimburse some of the opposing party's attorney's fees. The trial court ruled that except for

---

[1] Shouldice's lawyer requested a continuance in part because she claimed to have recently learned that Shouldice and the unidentified persons, referred to as Jane Doe number one and Jane Doe number two, had just come forward with allegations of past victimization by Thompson. Although counsel suggested that the allegations could be relevant to the decedent's state of mind, Shouldice testified that her parents were unaware of Thompson's conduct.

Shouldice herself, any witnesses or legal theories not fully disclosed in her response to request for disclosures would be inadmissible in the trial.

Neither Shouldice nor her attorney appeared for the trial at 8:30 a.m. on July 30, 2018. The trial court waited until 10:30 a.m. before granting Van Hamersveld's and Thompson's motion to waive a jury trial and proceeding with the trial without Shouldice or her attorney present.[2] Van Hamersveld and Thompson proved up the will based on affidavits and deemed admissions. They submitted invoices and their attorney testified that the fees in the invoices were the usual, customary, and reasonable fees charged in Montgomery County for this type of work. He attributed the extensive attorney's fees in the case to Shouldice's lawyer's poor behavior, which he testified included failing to fully answer discovery, failing to appear for depositions, and failing to honor a Rule 11 agreement to disclose information. He also testified that he was precluded from taking other employment during the case. He asked for $207,906.30 for pre-trial, $15,000 for trial, $50,000 in the event of an appeal, and $10,000 in the event of a motion for new trial. The $207,906.30 figure

---

[2] At some point on July 30, 2018, Shouldice's lawyer filed a motion for continuance in which she claimed to have been in the hospital on July 27 and 28, 2018. In her appeal, Shouldice does not argue that the trial court abused its discretion by failing to grant the motion for continuance, but her trial counsel's medical emergency was presented as a ground for relief in Shouldice's motion for new trial and is addressed in her appellate brief under issue four.

4

on the invoices included $35,000 for the trial, fees for work regarding the contempt motions, fees for travel billed at a full hourly rate, expenses awarded elsewhere in the case, fees for secretarial work, and fees for work by associates and a legal assistant about which there was no supporting testimony.

In the final judgment, the trial court found Shouldice did not file her will contest in good faith and with just cause. The trial court rendered judgment finding no merit to Shouldice's claims regarding undue influence and lack of testamentary capacity and intent and ordered that she take nothing of her claims. The final judgment included findings that Shouldice and her attorney acted in bad faith when they failed to comply with court-ordered discovery and failed to appear for trial. The trial court found Van Hamersveld and Thompson opposed Shouldice's contest with just cause and in good faith. The trial court rendered a judgment declaring that the decedent possessed the requisite mental capacity to execute her will and the amended trust, that Shouldice violated the will's no-contest clause, and awarded attorney's fees in the amount of $222,906.30 pursuant to Sections 353.051–.053 of the Texas Estates Code and Section 37.009 of the Civil Practice and Remedies Code, plus $10,000 for any unsuccessful motion for new trial as to the declaratory relief, and $50,000 for any unsuccessful appeal.

On September 4, 2018, Shouldice filed a motion for new trial. The motion alleged that counsel left messages explaining her dire medical situation and her delayed flight and filed the emergency motion for continuance upon arrival. She requested a new trial because her failure to appear for the trial was unintentional. Additionally, Shouldice alleged that she believed the motion for contempt had been filed in retaliation for her filing for a protective order against her brother John. She complained that requiring her to sit for a deposition the day before trial was an abuse of discretion that served no valid purpose other than to prevent her from preparing for trial. She complained that the judge ruled on the no-evidence motions for summary judgment when there had not been adequate time for discovery. Shouldice attached no documentation to her motion.

On September 7, 2018, Van Hamersveld and Thompson requested Rule 13 sanctions. On September 13, 2018, the trial court found that Shouldice's counsel filed groundless submission notices without also filing the corresponding motions, held seven submission notices were groundless and filed with no basis in law or fact, ordered Shouldice and her lawyer to e-file the actual motion before obtaining submission or hearing dates, and required them to provide at least ten days' notice of any submission or hearing date.

On September 13, 2018, Shouldice filed a notice of submission of the motion for new trial for October 4, 2018. Shouldice attempted to e-file supporting documentation on the day of submission, but the trial court struck the filing as a violation of the trial court's Rule 13 order to file ten days before submission.

The trial court also ordered Shouldice to personally appear on October 4, 2018 and show cause why she should not be held in contempt for failing to comply with the trial court's order to make a pre-trial tender of $9,505.00 to opposing counsel. On that date, while an attorney appeared for Shouldice's lawyer, he did not explain why Shouldice failed to pay $9,505.00 as ordered. Shouldice failed to attend. The trial court issued a writ of attachment and ordered Shouldice to pay an additional $2,950.00 to the opposing parties' counsel.

After perfecting her appeal, Shouldice retained new counsel. In her appellate brief, Shouldice insists she brought a will contest in good faith because she had reason to believe that Van Hamersveld and Thompson exercised undue influence over their mother, but she concedes that her response to the no-evidence motion for summary judgment failed to raise a fact issue.

**Partial Record**

Van Hamersveld and Thompson argue that Shouldice requested a partial record and they are entitled to a presumption that the omitted record supports the

judgment because Shouldice failed to file a statement of points. *See* Tex. R. App. P. 34.6(c). We find no request for a partial record by Shouldice. It appears, however, that exhibits were omitted from the reporter's record when it was filed in the Court of Appeals. We requested the exhibits that we determined were necessary to resolve the issues presented in the appeal. *See* Tex. R. App. P. 34.6(d).

## Sanctions

In issue one, Shouldice contends the trial court abused its discretion by imposing sanctions on her for misconduct attributable solely to her attorney. Before imposing sanctions for discovery abuse, a trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, the party only, or both. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). Shouldice argues that the record shows none of the conduct resulting in sanctions is attributable directly to her, but Shouldice was personally present for the July 5, 2018 hearing that resulted in her being ordered to disclose information about the Jane Does. Later that day she refused to disclose the information in her deposition. The trial court could reasonably have attributed some of the discovery abuse directly to Shouldice. *See id.* We overrule issue one.

## Trial Proceedings

In issue two, Shouldice complains that the trial court erred by not conducting a jury trial, in granting case-determinative sanctions, and in rendering judgment that she filed her will contest in bad faith. Neither Shouldice nor her attorney appeared when the case was called to trial. The docket sheet indicates an emergency motion for continuance may have been filed before the trial court rendered judgment but the record does not show that an emergency motion for a continuance was brought to the trial court's attention. As a prerequisite to complaining about the denial of a motion, the record must show that the motion was brought to the trial court's attention and that the trial court either denied the motion or refused to rule on the motion and the complaining party objected to the refusal. *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 449 (Tex. App.—Dallas 2011, no pet.); *see also* Tex. R. App. P. 33.1(a).

Van Hamersveld and Thompson moved to waive a jury without an objection from Shouldice. A party who has properly requested a jury trial but fails to appear at trial waives the right to a jury trial. *Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994). "Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury." Tex. R. Civ. P. 220. Consequently, Shouldice

9

has not shown that the trial court erred by granting the motion to waive a jury trial and proceeding with a bench trial.

Shouldice argues the trial court erred by granting a default judgment, which she contends functioned as a death penalty sanction. Van Hamersveld and Thompson proved up the will in part based on deemed admissions.[3] *See* Tex. R. Civ. P. 198.2(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order."). A deemed admission is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission. Tex. R. Civ. P. 198.3. In this case, the trial court did not err in rendering judgment based on deemed admissions because Shouldice did not file a motion to withdraw the deemed admissions. *See id.*

To support her argument on appeal that she filed her will contest in good faith, Shouldice relies on her response to Van Hamersveld's and Thompson's pre-trial no-evidence motion for summary judgment on her claims of undue influence. The trial court granted Shouldice's motion to reconsider the summary judgment and considered her subsequent response before granting summary judgment on that issue

---

[3] In addition to relying on the deemed admissions, Van Hamersveld testified in support of her probate application and the trial court considered deposition testimony in which Shouldice admitted she was unaware of any point in her mother's life when her mother could not understand that she was making a will or trust.

on July 24, 2018, six days before the trial. The summary judgment response mentions the decedent's medical records, but no records were properly attached to the response to the no-evidence motion for summary judgment to be considered as summary judgment evidence in support of her claims. We cannot consider the records because neither the summary judgment response nor the documents referenced in the response were admitted in evidence in the trial. *Noble Expl., Inc. v. Nixon Drilling, Co.*, 794 S.W.2d 589, 592 (Tex. App.—Austin 1990, no writ) (holding that documents attached to a reply to a motion for partial summary judgment but not introduced into evidence in the bench trial may not be considered on appeal). We overrule issue two.

**Motion for New Trial**

In issue four, Shouldice contends the trial court abused its discretion by striking the exhibits supporting her motion for new trial, which she argues establish that her failure to appear for trial was not due to conscious indifference. Shouldice further contends it was an abuse of discretion to deny her motion for new trial. In the final judgment, the trial court found that the failure of Shouldice and her attorney to appear for the trial "was not the result of excusable neglect, accident, or mistake, but instead was the result of conscious indifference and contumacious conduct

exhibited by Shouldice and her [attorney]." Shouldice maintains the record does not support the trial court's findings.

We find inadequate support in the record for Shouldice's arguments. Shouldice attached no supporting affidavits or documentation to her motion for new trial. Shouldice's notice of submission stated that no hearing would be conducted on the motion for new trial unless a hearing was requested. On September 13, 2018, the trial court ordered Shouldice to file the actual motion with the notice of submission and provide at least ten days' notice of any submission date. Shouldice had more than ten days to seek leave of court to amend the motion for new trial but failed to do so. *See generally* Tex. R. Civ. P. 329b(b). The trial court sustained Van Hamersveld's and Thompson's objection to Shouldice's "untimely filed exhibits" with regard to the motion for new trial because they were filed on the submission date. Shouldice did not make a bill of exception or offer of proof and the documents she claims would contradict the trial court's findings do not appear in the appellate record. *See generally* Tex. R. App. P. 33.

Given the lack of evidentiary support, the trial court did not abuse its discretion by denying the motion for new trial. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993) (holding that a motion for new trial following a default

12

judgment must allege facts which in law would constitute a defense and must be supported by affidavits or other prima facie evidence). We overrule issue four.

## Contempt

In issue five, Shouldice complains that she has been held in contempt for failing to obey a previous sanctions order caused by her attorney's misconduct. In a July 26, 2018 hearing, the trial court found Shouldice to be in contempt of the trial court's discovery orders and ordered her to pay $9,505 to opposing counsel by July 30, 2018. Contempt judgments are not subject to ordinary appeal. *Metzger v. Sebek*, 892 S.W.2d 20, 55 (Tex. App.—Houston [1st Dist.] 1994, writ denied). However, an order to pay attorney's fees to opposing counsel as a sanction for discovery abuse can be addressed in a final appeal if payment is delayed until final judgment. *See Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding).

Usually, a contempt order requiring payment of money before judgment is subject to mandamus. *See In re Casey*, No. 18-0289, 2019 WL 6223227, at * 4 (Tex. Nov. 22, 2019) (orig. proceeding) (not yet reported). In this case, however, Shouldice neither sought pre-judgment mandamus relief nor complains in the appeal from the final judgment that the trial court required her to pay the fees before trial. In resolving this issue, we determine that the record supports the trial court's

conclusion that Shouldice shared responsibility for the discovery abuse. We overrule issue five.

**Attorney's Fees**

Under the Declaratory Judgments Act, the trial court rendered judgment against Shouldice and in favor of Van Hamersveld and Thompson for $222,906.30 in attorney's fees through the trial, $10,000 for a motion for new trial, and $50,000 for appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009.[4] In issue three, Shouldice challenges the legal and factual sufficiency of the evidence supporting the judgment for attorney's fees.

"When fee-shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). A client's agreement to a certain fee arrangement or obligation to pay a particular amount does not necessarily establish that fee as reasonable and necessary. *Id* at 488–89.

---

[4] The trial court also awarded attorney's fees under sections of the Estates Code that allow fees to be recovered from an estate. *See* Tex. Est. Code Ann. § 352.051–.053. In this appeal, we consider only the award of fees against Shouldice. Counsel did not attempt to segregate attorney's fees incurred in the probate action from attorney's fees incurred pursuing the declaratory judgment.

14

The lodestar analysis applies to any situation in which an objective calculation of reasonable hours worked times a reasonable rate can be employed. *Id.* at 498. "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* at 498. The presumptive reasonableness of the base figure calculated under the lodestar method is subject to adjustment if the presumption is overcome by other factors not accounted for in the base lodestar figure. *Id.* at 496. The non-exclusive factors the trial court may consider include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 494; *see also Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

Shouldice argues that the testimony regarding attorney's fees was too general to support a lodestar analysis. At trial, counsel stated, "The fees stated in the invoices and the summary are usual, customary, and reasonable in and around Montgomery County for this time of work, considering the type of case that is involved." He did not state the reasonable hourly rate for legal work but the summary sheet indicates that from October 6, 2017, through July 16, 2018, he charged his clients $350 per hour for a total of 271.9 hours for his services, $250 per hour for a total of 111.9 hours for two associates' services, $200 per hour for 203.6 hours of two additional associates' services, and $125 per hour for 59 hours of a legal assistant's services. He provided no information about the legal experience of any of the persons in the invoice. In addition to charging $160,907.50 for legal services, counsel charged $11,998.80 in expenses for a total of $172,906.30 before trial. The invoice summary admitted at trial estimated $35,000 for trial, for a total of $207,906.30. But in his trial testimony, trial counsel asked for $15,000 for legal services for the trial. The trial court awarded $207,906.30 plus an additional $15,000 for a total of $222,906.30 through the trial. The trial court thereby awarded $50,000 for the trial of a default judgment, which involved two hours of waiting and a few minutes of presenting evidence, for the services of an attorney whose invoices showed charged an hourly rate of $350.00. The summary sheet included $50,000 for all levels of appeal, but

16

neither testimony nor documentary evidence concerning the number of hours required or the reasonable hourly rate can be found in the record, which also lacks any description of the work required to respond to an appeal.

Evidence is legally insufficient when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). Here, there is no evidence that $50,000 was a reasonable and necessary fee for the trial, and the evidence conclusively established that $50,000 exceeded the reasonable and necessary fee for the trial. Similarly, there is no evidence that $50,000 is a reasonable and necessary fee for an appeal. We conclude the evidence is legally insufficient to support the judgment on attorney's fees.

Evidence is factually insufficient if, after considering all of the evidence in the record pertinent to the challenged finding, we determine that the credible evidence supporting that finding is so weak, or contrary to the overwhelming weight of the evidence, that the judgment should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g). Here, the evidence contrary to the attorney's fee award greatly outweighs the evidence

17

supporting the award because the summary sheet estimated the fee for the trial to be $35,000, counsel asked for $15,000, and the trial court awarded $50,000. The evidence supporting the amount of the entire fee awarded, $232,906.30 with a conditional appeal award of $50,000, is so weak that we conclude the evidence supporting the judgment for attorney's fees is factually insufficient.

"The trial court abuses its discretion if it awards expenses without legally and factually sufficient evidence that the attorney's fees awarded were reasonable." *Betancourt v. Ohmer*, No. 09-18-00121-CV, 2019 WL 237333, at *4 (Tex. App.— Beaumont Jan. 17, 2019, no pet.) (mem. op.). An appellate court will find an abuse of discretion occurred if the evidence that is in the record fails to support the award of attorney's fees. *Toledo v. KBMT Operating Co.,* 581 S.W.3d 324, 330 (Tex. App—Beaumont 2019, pet. filed). We conclude the trial court abused its discretion be awarding attorney's fees on legally and factually insufficient evidence that fees in that amount were reasonable and necessary. We sustain issue three.

**Conclusion**

We conclude the trial court failed to apply the lodestar method properly and that it abused its discretion by failing to apply the guiding rules and principles to determine the reasonableness of the amount it awarded to Van Hamersveld and Thompson for their attorney's fees. We reverse the judgment as to the award of

18

attorney's fees and remand the case to the trial court for a new trial solely on the amount Van Hamersveld and Thompson should recover for reasonable and necessary attorney's fees. The remainder of the judgment is affirmed.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on November 14, 2019
Opinion Delivered January 23, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.